526 P.2d 685 (1974)
The DENVER SYMPHONY ASSOCIATION, Petitioner,
v.
INDUSTRIAL COMMISSION of the State of Colorado (Ex-officio Unemployment Compensation Commission of Colorado) et al., Respondents.
No. 74-061.
Colorado Court of Appeals, Div. III.
September 10, 1974.
*686 Rovira, DeMuth & Eiberger, Carl F. Eiberger, Richard M. Lavers, Denver, for petitioner.
John P. Moore, Atty. Gen., John E. Bush, Deputy Atty. Gen., Robert L. Harris, Asst. Atty. Gen., Denver, for respondent Industrial Commission of Colorado (Ex-officio Unemployment Compensation Commission of Colorado).
Philip Hornbein, Jr., Denver, for respondents Margery C. Argenzio, James P. Stephan, and Robert A. Schauer.
Selected for Official Publication.
STERNBERG, Judge.
This is a review of a final order of the Industrial Commission of Colorado awarding unemployment compensation benefits to three employees who were musicians with the Denver Symphony Orchestra. We affirm.
The Denver Symphony Association employs musicians on contract for approximately 36 weeks during the year for its winter season which generally runs from September until May. There is also a four week summer season in July and August. The seasons are so arranged because of the Denver Symphony's financial inability to perform for a longer period of time.
*687 On May 29, 1973, at the termination of the regular season, the employees Argenzio, Stephan, and Schauer, applied for unemployment compensation through the Colorado Department of Employment. Their claims having been granted, the employer seeks review, alleging the claimants were not entitled to compensation. The employer argues it was denied due process of law through limitation of its right to cross-examine the claimants, denial of the use of discovery techniques, and error in assignment of the burden of proof. The employer also contends that the department was arbitrary and capricious in its award of compensation, for the reasons that: The claimants were only part-time employees; there was no labor market for their particular skills; and an error was made in computation.
In reference to the employer's claim of denial of due process, we note that C.R.S. 1963, 82-5-7(1), states:
"The manner in which disputed claims shall be presented, the reports thereon required from the claimant and from employers, and the conduct of hearings and appeals shall be in accordance with regulations prescribed by the commission for determining the rights of the parties whether or not such regulations conform to common law or statutory regulations of evidence and other technical rules of procedure." (emphasis added)
The commission has adopted no regulations permitting the use of interrogatories, and historically, we know of none being allowed. Not allowing the employer to have answers to some 44 written interrogatories served on each of the employees was not error. Such denial violated no common law or statutory right. Cf. Hithe v. Nelson, 172 Colo. 179, 471 P.2d 596. Nor was the employer thereby denied due process of law. See generally 1 K. Davis, Administrative Law Treatise § 8.15 (1958). To extend by judicial fiat the tool of interrogatories to employers in unemployment compensation hearings could well lead to intimidation and harassment of claimants, and a stifling of their pursuit of otherwise valid claims.
The employer contends that it was entitled to an unfettered right of cross-examination and that C.R.S. 1963, 82-5-7, which relaxes rules of evidence in these hearings cannot eliminate that right. Cross-examination is a fundamental right, and not a privilege. Puncec v. Denver, 28 Colo.App. 542, 475 P.2d 359. However, even in trial of a lawsuit, it may be restricted, and only where the restriction is severe enough to constitute a denial of the right will limitation of cross-examination by a court be overturned as an abuse of discretion. Carsell v. Edwards, 165 Colo. 335, 439 P.2d 33. A fortiori in an administrative hearing, reasonable limitation on cross-examination does not violate constitutional protections, especially as here, where it was repetitious and non-productive. Circumscription of cross-examination was neither prejudicial under the facts of this case, nor did it constitute, in general, a deprivation of due process of law. See 2 Am.Jur.2d Administrative Law § 424.
The employer's argument that the burden of establishing eligibility for compensation was improperly placed on it is not well founded. There can be no doubt that, initially, the burden of proof is on the employee in a proceeding of this type. Breit v. Industrial Commission, 160 Colo. 205, 415 P.2d 858; 81 C.J.S. Social Security and Public Welfare § 219. However, once the commission has accepted a claimant's statement in support of his claim for compensation, claimant has met the burden and has established a prima facie case on the pertinent issues. Then the burden is upon the employer to present evidence to the contrary. California Department of Human Resources Development v. Java, 402 U.S. 121, 91 S.Ct. 1347, 28 L.Ed.2d 666; Little Rock Furniture Mfg. Co. v. Commissioner of Labor, 227 Ark. 288, 298 S.W.2d 56.
In considering the employer's claim of capricious and arbitrary action by *688 the department, we rely upon the general rule that, if there is substantial evidence in the record to support the factual determinations of an administrative agency, a court should not substitute its judgment for that of the agency. Morrison Road Bar, Inc. v. Industrial Commission, 138 Colo. 16, 328 P.2d 1076; 1969 Perm.Supp., C.R.S. 1963, 82-5-11. The commission found that the claimants were full-time employees and there is evidence in the record to that effect. Therefore, benefits were properly computed. See Industrial Commission v. Redmond, Colo., 514 P.2d 623. Similarly, since there was evidence in the record that there was a labor market, albeit limited, for the employees' skills, we cannot disturb the commission's findings on that point. The statute must be construed liberally in favor of the claimant when possible. Industrial Commission v. Sirokman, 134 Colo. 481, 306 P.2d 669. Hence, the statute does not require that these classical musicians be required to take other types of work at the outset of their unemployment. See Bayly Mfg. Co. v. Department of Employment, 155 Colo. 433, 395 P.2d 216; Annot., 97 A.L.R.2d 1125.
The remaining issue to be decided is whether the benefits should have been reduced by the income received during claimants' last week of employment. This issue turns on the definition of the term "waiting week." We find no error in application of the statute to the final week's earnings. C.R.S. 1963, 82-4-7(5) provides that "No week shall be counted as a week of unemployment for the purposes of this subsection . . . unless total wages earned for the week are less than the weekly benefit amount." The earnings of each claimant for the last week worked were under $50. The benefits to which each was entitled ranged from $82 to $87. Thus, the commission was correct in considering claimants' last week of work to be the "waiting week," and it was proper to pay full benefits beginning the following week.
Order affirmed.
PIERCE and BERMAN, JJ., concur.