CITY OF ARVADA, a Colorado Home Rule City in the Counties of Jefferson and Adams, Petitioner,

v.

The INDUSTRIAL COMMISSION OF the STATE of Colorado, (Ex-Officio Unemployment Compensation Commission of Colorado) and James H. Stewart, Respondents.

No. 84CA0273.

Colorado Court of Appeals, Div. III.

Jan. 10, 1985.

Rehearing Denied Feb. 7, 1985.

Certiorari Denied June 24, 1985.

Patricia C. Tisdale, Deputy City Atty., Arvada, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Dani R. Newsum, Asst. Atty. Gen., Denver, for respondent Industrial Com'n.

James A. Dodd, Denver, for respondent James H. Stewart.

STERNBERG, Judge.

James Stewart, a police officer, filed a claim for unemployment benefits following discharge by the City of Arvada, his employer. The employer contested the claim, alleging that Stewart was discharged as a result of his own misconduct. A deputy denied benefits, but following a hearing before a referee, a full award of benefits was granted pursuant to § 8–73–108(4), C.R.S. (1984 Cum.Supp.). The Industrial Commission affirmed the award, and the employer seeks review. We affirm.

## I.

The employer first contends that reversal is mandated because the referee improperly shifted the burden of proof of entitlement. It argues that, by requiring the employer to present its case first, the referee shifted to the employer the burden of proving that Stewart was not entitled to benefits. Asserting the initial burden for establishing eligibility is on the claimant, the employer claims Stewart should have had to proceed first. We disagree.

The employer is correct in contending that the initial burden of establishing eligibility for compensation is on the claimant. *See Denver Symphony Ass'n v. Industrial Commission*, 34 Colo.App. 343, 526 P.2d 685 (1974). However, if the employer contests an otherwise eligible claimant's right to benefits on the grounds that the claimant was discharged for misconduct, the burden is then on the employer to prove the employee is disqualified from receiving benefits. *See Denver Symphony Ass'n v. Industrial Commission, supra; Parker v. St. Maries Plywood*, 101 Idaho 415, 614 P.2d 955 (1980); 81 *C.J.S. Burden of Proof* § 275.

Here, Stewart had established a *prima facie* case of entitlement to benefits from his statement in support of his claim that he had not voluntarily left his job, and that he was discharged through no fault of his own. At the hearing before the referee, therefore, the employer had the burden of presenting evidence to show that, despite the *prima facie* case, Stewart was *not* entitled to benefits. If the employer met that burden by presenting evidence that the discharge was the claimant's fault, Stewart would need to present evidence to justify the acts which led to the discharge. That is what occurred here. Thus there was no error.

## II.

We also reject the employer's contention that the referee's finding was completely unsupported by the evidence.

The reason for a claimant's separation from employment is a question of fact, and the Commission's determination may not be altered on review if it is supported by the evidence. *Mohawk Data Sciences Corp. v. Industrial Commission*, 660 P.2d 922 (Colo.App.1983). Here, the employer contends that Stewart was disqualified because he was discharged for failure to follow rules and for insubordination, *see* § 8–73–108(5)(e)(VI), (VII), (XV), and (XX), C.R.S. (1984 Cum.Supp.), however the referee found that Stewart was unemployed through no fault of his own, and was entitled to full benefits pursuant to §§ 8–73–108(1)(a) and 8–73–108(4), C.R.S. The referee found that, even though Stewart may not have acted as the employer wished, the employer did not establish that Stewart's discharge was a result of employee misconduct. This finding has support in the record and is, therefore, binding on review. *Mohawk Data Sciences Corp. v. Industrial Commission, supra.*

## III.

The employer's argument that Stewart is not entitled to full benefits because none of the enumerated reasons in § 8–73–108(4)(a) for granting full awards was established is also without merit. The Commission has discretion to grant a full award even though none of the subsections of § 8–73–108(4) is cited or applicable. *Santa Fe Energy Corp. v. Baca*, 673 P.2d 374 (Colo.App.1983).

Order affirmed.

BERMAN and METZGER, JJ., concur.