CENTENNIAL DRYWALL CO., INC., Petitioner,

v.

The INDUSTRIAL COMMISSION OF the STATE OF COLORADO; and Ricky P. Crago, Clarence C. Jaramillo, Larry P. Nunez, G.R. Mannon, Henry P. Ivey, Emilio E. Baker, Timothy Daugherty, Larry N. Davis, Charles M. Gerace, Robert E. Neal, Stuart L. Nunn, Ralph L. Pasco, Lawrence H. Traub, Daniel Wollenweber, and Ashley G. Word, Respondents.

No. 85CA1698.

Colorado Court of Appeals, Div. I.

July 31, 1986.

Robert G. Good, Englewood, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Jill M.M. Gallet, Asst. Atty. Gen., Denver, for respondent Industrial Com'n.

Brauer & Buescher, P.C., Dennis E. Valentine, for respondents Crago, Jaramillo, Nunez, Mannon, Ivey, Baker, Daugherty, Davis, Gerace, Neal, Traub, and Wollenweber.

METZGER, Judge.

Petitioner, Centennial Drywall Co., Inc. (Centennial), seeks review of the final order of the Industrial Commission awarding unemployment compensation benefits to the individual respondents (claimants). We affirm.

Claimants are former employees of Centennial and are members of the Carpenters, Drywall, Acoustical, Latherers, and Specialties Local Union 1391 (the union). On April 30, 1984, the collective bargaining agreement between Centennial and the union expired. However, pursuant to federal labor law, the union and Centennial continued to honor the terms of the contract while a successor contract was negotiated. The parties were unable to come to terms and union members voted to strike beginning December 3, 1984.

Prior to the strike date, claimants were informed that Centennial had failed to make fringe benefit payments to certain union trust funds as required by the collective bargaining agreement. Thus, on No-

vember 30, 1984, claimants terminated their employment with Centennial and thereafter filed for unemployment compensation benefits.

The deputy granted full benefits to fifteen claimants. Centennial appealed and a consolidated hearing was held before a referee on April 4, 1985. Five of the fifteen claimants appeared and testified that they quit because Centennial had failed to pay their fringe benefits. Ten claimants did not appear at this hearing.

The referee concluded that claimants justifiably terminated their employment relationship with Centennial. Consequently, the referee granted a full award of benefits to each claimant named in this appeal pursuant to § 8–73–108(4), C.R.S. (1985 Cum. Supp.).

The Industrial Commission adopted the referee's findings of fact and conclusions of law and affirmed the award of unemployment benefits.

## I.

▮ Centennial first asserts that the evidence in the record supports a finding that the claimants were on strike or, in the alternative, that claimants voluntarily left their employment. Consequently, Centennial argues, claimants should have been denied unemployment benefits. We disagree.

The reason for a claimant's separation from employment is a question of fact, and the Commission's determination may not be altered on review if it is supported by the evidence. *City of Arvada v. Industrial Commission,* 701 P.2d 623 (Colo.App.1985).

Although contradictory evidence was presented, the findings of fact, including Centennial's non-payment of benefits, the cessation of any contacts between the union and Centennial, and Centennial's bad faith bargaining to force a non-union shop,

are supported by the evidence. Therefore, we will not disturb them.

## II.

▮ Centennial also asserts that the Commission exceeded its authority when it awarded full benefits to the ten claimants who did not appear at the hearing before the referee. It argues that the award of benefits to those claimants lacked substantial support in the record. Again, we disagree.

Department of Labor and Employment Regulation No. 11.2.13, 7 Code Colo. Reg. 1101–2, provides that since a failure to appear is considered to be equivalent to withdrawal of the appeal by that party, an appealing party must attend the referee's hearing. However, a party satisfied with a deputy's decision need not attend. Thus, these claimants, having prevailed before the deputy, were under no obligation to attend the hearing before the referee.

Furthermore, Department of Labor and Employment Regulation No. 11.2.9, 7 Code Colo. Reg. 1101–2, provides that the appealing party has the burden of presenting evidence to support his position on appeal. But Centennial, the appealing party, failed to object to the absence of these ten claimants at the hearing. As well, it did not present any evidence concerning them.

Under such circumstances, Centennial cannot now claim that the Industrial Commission's decision is erroneous.

The order is affirmed.

PIERCE and STERNBERG, JJ., concur.