**Manuel LUCERO, Petitioner,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, the Colorado Division of Employment and Training, and Adams–Arapahoe–Aurora Schools 28J, Respondents.**

**No. 90CA508.**

Colorado Court of Appeals,
Div. III.

May 23, 1991.

1192

William E. Benjamin, Boulder, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Carolyn A. Boyd, Jill M.M. Gallet, Asst. Attys. Gen., Denver, for respondents.

Opinion by Judge CRISWELL.

Manual Lucero, claimant, seeks review of a final order of the Industrial Claim Appeals Office (Panel) which disqualified him from receipt of benefits pursuant to § 8–73–108(5)(e)(VIII), C.R.S. (1986 Repl. Vol. 3B). We set aside the order and remand for reconsideration thereof.

From a deputy's adverse determination of his claim for unemployment benefits, claimant appealed to a hearing officer. Such an appeal is governed by § 8–74–103(1), C.R.S. (1986 Repl.Vol. 3B), which requires the hearing officer to afford "all interested parties a fair hearing." During the course of this hearing, one witness testified. The witness, who was a supervisor within the employer's personnel department, was first examined by the hearing officer, then by an employer representative, and finally by counsel for claimant.

The testimony of this witness established, without substantial dispute, that claimant's discharge was recommended to the employer's board of education based solely upon the contents of a police report made available to the employer, without any further investigation of the incident described in the report by the employer. This police report averred that there had been a number of late night and early morning telephone calls made to the home of one of the employer's supervisors in which the caller would hang up without speaking. This report also said that the telephone company had placed a "trap" on the supervisor's telephone and had determined that the calls had emanated from the telephone in claimant's residence.

A hearing upon these allegations was held before the board of education, after which the recommendation to discharge claimant was accepted by the board. However, no one placed the record of that hearing before the hearing officer in this case, and this record on appeal does not disclose either the facts found or the conclusions drawn by the board to support its decision. It is conceded, however, that claimant has never admitted placing the harassing calls.

Finally, the evidence demonstrated that the employer had a written policy to provide to an employee, before the imposition of any discipline, a written notice stating "the reasons for the disciplinary action." Here, the claimant was interviewed by the police on the employer's premise and, immediately thereafter, was given a notice placing him on disciplinary suspension "because of the allegations made against [him]." No further explanation for this suspension was set forth in this notice.

Based on this testimony, the hearing officer reversed the deputy's decision and granted claimant a full award of benefits because claimant was terminated without being provided a written statement of reasons therefor in violation of the employer's written policy and because, in any case, the evidence, consisting solely of hearsay, was

insufficient to establish that claimant was at fault in his separation.

However, the Panel reversed the hearing officer's determination, concluding that, under Department of Labor Regulation 11.-2.9, 7 Code Colo.Reg. 1101–2 at 34, claimant had the burden of presenting evidence to support an award of benefits and that, here, there was "no evidence" which "supports a reversal of the initial disqualification." Further, the Panel concluded that the minor deviation from the employer's policy evidenced by the record was insufficient to support an award of benefits.

## I.

■ Claimant contends that the Panel erred in determining that no evidence had been presented which supported a reversal of the deputy's disqualification. He argues that the testimony he elicited during cross-examination of the employer's supervisor supported his position on appeal. We cannot determine from the Panel's order, however, the manner in which the Panel interpreted Regulation 11.2.9 or how it applied the regulation to the evidence in making the questioned determination. If the Panel's decision represents its conclusion that the pertinent regulation places the burden of *proof* upon a claimant in a hearing before a hearing officer under § 8–74–103(1), to disprove an employer's claim of disqualification, it erred.

Section 8–74–103(1) requires the hearing officer to conduct an evidentiary hearing in any appeal from a deputy's decision. Moreover, this statute makes no provision for the hearing officer to act in any appellate capacity with respect to the deputy's decision; it does not even provide that the record made before the deputy (such as it may be) is to be forwarded to the hearing officer for that official's review. The statute contemplates, therefore, that the hearing before the hearing officer be conducted on a *de novo* basis.

Moreover, once a claimant establishes a prima facie case of eligibility, *i.e.*, once he shows the necessary covered employment and that his employment was terminated by the employer, the burden of going for-

ward shifts to the employer to demonstrate that claimant's termination was for a reason that disqualifies the claimant from the receipt of benefits under the provisions of § 8–73–108(5), C.R.S. (1986 Repl.Vol. 3B). *Colorado Division of Employment & Training v. Hewlett*, 777 P.2d 704 (Colo. 1989); *City & County of Denver v. Industrial Commission*, 756 P.2d 373 (Colo. 1988); *City of Arvada v. Industrial Commission*, 701 P.2d 623 (Colo.App.1985).

The opinion in *Centennial Drywall Co. v. Industrial Commission*, 724 P.2d 685 (Colo.App.1986), which was decided before both the *Hewlett* and *City & County of Denver* opinions were issued, is not contrary to this rule.

Likewise, we are convinced that nothing within Regulation 11.2.9 has any effect upon this burden of proof rule. The form of that regulation, insofar as it is pertinent here, resulted from a 1985 amendment, which was adopted simultaneously with the adoption of an amendment to Department of Labor Regulation 11.2.13, 7 Code Colo. Reg. 1101–2 at 36. Prior to these 1985 amendments, Regulation 11.2.13 provided that, if a party appealing from the deputy's decision failed, without good cause, to appear for the hearing before the hearing officer, "such non-appearance shall constitute a withdrawal of the appeal and the decision of the deputy shall become final."

Originally, that regulation did not state what the effect would be if the party against whom the appeal was being taken failed to appear at the hearing. In addition, Regulation 11.2.9 did not contain any affirmative requirement that an appealing party present any evidence. Construed together, these two regulations could have been interpreted to allow an appealing party to have the appeal sustained by the "default" of the other party.

The 1985 amendments, therefore, were designed to remedy this omission. Thus, Regulation 11.2.9 now provides that: "The appealing party shall have the *burden of presenting evidence* that supports his appeal." (emphasis supplied) In addition, Regulation 11.2.13 specifically requires a

non-appealing party to appear at the hearing, and it provides a procedure to allow that non-appealing party to demonstrate good cause for any non-appearance and to obtain a new hearing.

Nowhere within either regulation is either the phrase "burden of proof" or the phrase "burden of going forward" to be found. On the other hand, Regulation 11.-2.9 authorizes the hearing officer to control the taking of evidence and to determine the order and manner in which the evidence is to be received.

We conclude, therefore, that the purpose of the 1985 amendments to these regulations had no relationship to the rule, established both by prior and subsequent jurisprudence, respecting the burden of proof. They were intended, simply, to assure that an appealing party would not be entitled to a reversal of the deputy's decision merely because of the non-appearance of the other party. Rather, in such circumstances, the appealing party is required to present evidence in support of the appeal, and the hearing officer is required to base the decision upon evidence, rather than upon the default of the non-appealing party.

Here, while the Panel's decision is somewhat ambiguous, it appears that it interpreted the 1985 amendment to Regulation 11.2.9 to change the burden of proof before the hearing officer. If so, the Panel erred.

Further, the evidence to support the hearing officer's decision in this case might be considered legally sufficient for that purpose if the traditional burden of proof rule is applied. Because it is not clear that the Panel employed the proper burden of proof rule in reviewing the record for evidentiary sufficiency, therefore, this matter must be remanded to it for reconsideration.

## II.

 We reject complainant's contention that he was entitled to a full award of benefits because the employer deviated from its disciplinary policy. We agree with the Panel's conclusion that the undisputed evidence here establishes that, while the specific reasons for complainant's suspension were not outlined in the first written notice given to him, he was, nevertheless, well aware of the "allegations" referred to by that notice. Further, complainant was discharged only after a hearing before the employer's board of education. Thus, he was, prior to his discharge, made fully aware of the reasons being advanced to support his discharge recommendation, and he was given full opportunity to rebut those allegations. Under such circumstances, we conclude that the purpose of the employer's personnel policy was fully accomplished.

The order of the Panel is set aside, and the cause is remanded for its reconsideration of the hearing officer's holding consistent with the views expressed herein.

TURSI and ENOCH,* JJ., concur.