Edward D. WARD, Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OF-
FICE OF the STATE OF COLORADO
and The City of Greeley, Respondents.

No. 94CA1628.

Colorado Court of Appeals,
Div. I.

Sept. 14, 1995.

Rehearing Denied Oct. 19, 1995.

Certiorari Denied April 22, 1996.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1995 Cum.Supp.).

Colorado Rural Legal Services, Inc., Ann M. la Plante, Greeley, for petitioner.

Richard P. Brady, Greeley City Atty., Jeffrey C. Parins, Asst. City Atty., Mary Pat Daviet, Asst. City Atty., Greeley, for respondent City of Greeley.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Kathleen M. Butler, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office.

Opinion by Judge PLANK.

Petitioner, Edward D. Ward (claimant), seeks review of a final order of the Industrial

Claim Appeals Panel which affirmed a hearing officer's decision disqualifying him from the receipt of unemployment compensation benefits. We affirm.

Claimant was employed as a golf course equipment mechanic. After a hearing, the hearing officer found that claimant resigned his employment after coming to work and finding that a mower he had worked on required additional repairs. Claimant felt he was not able to solve the mechanical problems adequately. The hearing officer also found that claimant had been dissatisfied with other aspects of his working conditions, that claimant had a tendency to be "hotheaded, abrasive, and difficult to get along with," and that claimant had announced previously that he wanted to get another job.

Claimant attempted to establish that his resignation was not voluntary. He presented evidence that at the time of his resignation, he was experiencing stress resulting from his work demands and from an abusive family background, which caused him to lose control of the situation and his surroundings.

The hearing officer was not persuaded that claimant's resignation was involuntary. He concluded that claimant quit for personal reasons and that claimant acted volitionally in resigning. He disqualified claimant from the receipt of benefits and the Panel affirmed.

## I.

Claimant contends that the Panel erred by stating that he had the burden of proof at the hearing to prove he was entitled to benefits. He argues that he established a *prima facie* case of entitlement to benefits and the burden of proof therefore shifted to employer to prove he should be disqualified from the receipt of benefits. We perceive no reversible error.

Claimant's contention raises two interrelated issues: the allocation of the burden of proof in an unemployment compensation proceeding and the manner in which a *prima facie* case is established.

■ In an unemployment compensation proceeding, the initial burden is on the claimant to establish a *prima facie* case of entitle-

ment. A claimant does so by showing that he was in covered employment and that his employment separation was for reasons which, if proven, would justify an award of benefits. Once the claimant establishes a *prima facie* case, the burden of going forward shifts to the employer to demonstrate that claimant's termination was for a reason that would disqualify the claimant from the receipt of benefits under the provisions of § 8–73–108(5), C.R.S. (1986 Repl.Vol. 3B). If the employer meets that burden, claimant then must present evidence to justify the acts which led to the separation and show that he or she is entitled to benefits under the provisions of § 8–73–108(4), C.R.S. (1986 Repl.Vol. 3B). *See Division of Employment & Training v. Hewlett,* 777 P.2d 704 (Colo. 1989); *Yellow Front Stores, Inc. v. Industrial Commission,* 694 P.2d 882 (Colo.App. 1985); *Arvada v. Industrial Commission,* 701 P.2d 623 (Colo.App.1985); *Denver Symphony Ass'n v. Industrial Commission,* 34 Colo.App. 343, 526 P.2d 685 (1974); *cf. Lucero v. Industrial Claim Appeals Office,* 812 P.2d 1191 (Colo.App.1991).

■ The procedures for a claimant to establish a *prima facie* case at a hearing vary depending on whether the claimant was awarded or disqualified from the receipt of benefits by the deputy. If the deputy awarded claimant benefits, then the deputy considered claimant's claim documentation, *i.e.,* request for separation form and any accompanying documentation, to have established a *prima facie* case of entitlement for claimant. At the hearing, then, claimant need not present evidence to establish his *prima facie* case, but may simply rely upon his claim documentation.

■ However, if the claimant was disqualified by the deputy, then the deputy determined that claimant's claim documentation did not establish a *prima facie* case for entitlement to benefits. Thus, to meet the initial burden of proof, claimant must present evidence at the hearing to establish a *prima facie* case. Therefore, a claimant must present some evidence that he or she was in covered employment and was separated for reasons which would justify an award of ben-

efits before the burden of proof shifts to employer to establish a disqualification.

■ Furthermore, at the hearing, the hearing officer has discretion to determine the order and manner of presentation of witnesses and evidence. *See* §§ 8–74–103 & 8–74–106, C.R.S. (1986 Repl.Vol. 3B); Department of Labor & Employment Regulation 11.2.9, 7 Code Colo.Reg. 1101–2.

■ Here, claimant had been disqualified from the receipt of benefits by the deputy. Thus, he had the initial burden to present evidence of a *prima facie* case of entitlement to benefits at the hearing, which he did. Employer then presented evidence which supported a conclusion that claimant quit for personal reasons and thus could be disqualified from the receipt of benefits. Since employer met its burden to show a disqualification, the burden then did shift to claimant to show his entitlement to benefits.

■ Claimant had presented the majority of his case prior to employer's evidence. However, to give claimant an opportunity to meet his burden of proof, the hearing officer gave him an opportunity to present additional evidence after employer's case. At the conclusion of the evidence, the hearing officer determined that, based on the evidence, claimant had not proven his entitlement to benefits. Such determination was an appropriate treatment of the evidence presented.

## II.

■ Claimant next contends that the hearing officer erred in requiring that a diagnosis of a mental or emotional disorder or that notice to the employer of health problems were legal prerequisites to an award of benefits. These entitlements are based on a physical or mental inability to perform the job or a determination that claimant was not at "fault" for his separation. We reject this contention. The hearing officer did not award benefits to claimant pursuant to § 8–73–108(4)(j), C.R.S. (1986 Repl.Vol. 3B).

Section 8–73–108(4)(j) provides for a claimant to be awarded benefits if he or she is separated from employment for being physically or mentally unable to perform the work.

Section 8–73–108(5)(e)(XXII), C.R.S. (1986 Repl.Vol. 3B) allows a claimant to be disqualified from the receipt of benefits if he or she quits under conditions involving personal reasons which do not, under other provisions of the statute, provide for an award of benefits.

Here, the hearing officer found, *inter alia,* that claimant did not discuss any health problems with his supervisor or employer and did not present any health concerns as a reason for his action. He further noted that claimant had a substantial amount of sick leave at the time of his separation but had not requested the use of it. Finally, he noted that there was no diagnosis of a mental or emotional disorder indicating that claimant lacked the ability to control himself and make reasonable decisions.

Contrary to claimant's arguments, we conclude that, in making these findings, the hearing officer was not imposing additional legal requirements to be met before a claimant can obtain an award of benefits for a physical or mental inability to perform his or her job. Nor was the hearing officer holding that these were additional legal criteria which must be considered in determining whether a claimant was at "fault" for his or her separation.

Rather, the hearing officer was simply articulating some of the factual reasons he rejected claimant's arguments that he was incapable of performing his job and that he was not at "fault" for his separation. We find no error in the hearing officer's consideration of these evidentiary factors.

■ Although claimant presented evidence which could support an inference that he was unable to work, or to act volitionally in resigning, it was the hearing officer's responsibility to assess the credibility and probative value of the evidence. *School District No. 1 v. Fredrickson,* 812 P.2d 723 (Colo.App. 1991). In doing so, he was not required to accept as true even unrefuted evidence. *See Levy v. Everson Plumbing Co.,* 171 Colo. 468, 468 P.2d 34 (1970).

■ The hearing officer was not persuaded that claimant was unable to act volitionally in resigning. His conclusion in this regard

is supported by substantial evidence and the permissible inferences which may be drawn therefrom, and we thus may not disturb it. *See Jones v. Industrial Commission,* 705 P.2d 530 (Colo.App.1985); *McGinn v. Industrial Commission,* 31 Colo.App. 6, 496 P.2d 1080 (1972).

Furthermore, the hearing officer's evidentiary findings are supported by substantial, although sometimes conflicting, evidence. *See Jones v. Industrial Commission, supra; Gatewood v. Russell,* 29 Colo.App. 11, 478 P.2d 679 (1970); *see also Rotenberg v. Industrial Commission,* 42 Colo.App. 161, 590 P.2d 521 (1979).

Accordingly, the Panel's order is affirmed.

METZGER and TAUBMAN, JJ., concur.