24CA0625 Ou v ICAO 12-12-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0625
Industrial Claim Appeals Office of the State of Colorado
DD No. 33034-2023

Zhuying Ou,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado and Division of
Unemployment Insurance Invalid Claims Team,

Respondents.

ORDER AFFIRMED

Division IV
Opinion by JUDGE HARRIS
Yun and Graham*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 12, 2024

Zhuying Ou, Pro Se

No Appearance for Respondents

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1　　Zhuying Ou appeals a final order of the Industrial Claim Appeals Office (the Panel) concerning her application for unemployment insurance benefits.  In that order, the Panel affirmed a hearing officer's determination that Ou failed to submit a valid claim and was therefore ineligible to receive benefits.  We affirm the Panel's order.

## I.　　Background

¶ 2　　Ou filed an application with the Colorado Department of Labor and Employment (the Department) for unemployment insurance benefits covering an approximately one-year period, from April 12, 2020, through April 10, 2021.  On November 17, 2023, the Department notified Ou that her claim was "ineligible due to fraudulent misrepresentation[.]"  Specifically, the deputy found that "the [social security number] used" on the application "was not owned by the party that filed this claim."

¶ 3　　Ou requested a hearing on the Department's decision and asked that a Mandarin translator assist her at the hearing.  When the Department notified Ou regarding the scheduled hearing date, it

also advised her to send the Department any documents supporting her appeal in advance of the hearing, via electronic upload or mail.

## A. The Hearing Officer's Review

¶ 4 A Mandarin translator attended the hearing, as did Ou and her daughter. Ou's daughter informed the hearing officer that Ou neither spoke nor understood Mandarin and only understood Fujianese. The Department could not provide a Fujianese interpreter for the hearing. The hearing officer allowed Ou's daughter to translate, though Ou's daughter stated her own English was "not great."

¶ 5 Through her daughter, Ou testified that her daughter and an English-fluent family friend helped Ou file her application. Ou's daughter confirmed that Ou listed the friend's mailing address and email address on her application.

¶ 6 Ou could not verbally provide her social security number. Her daughter asked if she could "say it for" Ou, but the hearing officer said that Ou had to "state it to [the daughter] and [the daughter could] translate." Her daughter explained, though, that

2

Ou had never attended school and could not read letters, characters, or numbers, so Ou "[could] not say" the number.

¶ 7        Ou's daughter stated that she provided the Department with Ou's social security card, using the link on the hearing notice. However, at the time of the hearing, the hearing officer had not received it. He instructed Ou's daughter to send any supporting documents through the link in the hearing notice by the day's end.

¶ 8        Three days later, the hearing officer issued an order finding that Ou failed to provide any documentation "to verify her identity," including her social security number. Further, Ou had admitted that her application substituted her family friend's mailing and email addresses for her own, "for reasons related to [the friend's] ability to read and write English." For these reasons, the hearing officer affirmed the Department's determination and found that "the unemployment insurance benefit claim '[was]s fraudulent" under the applicable statutes.

## B. The Panel's Order

¶ 9     Ou appealed the hearing officer's decision to the Panel, which concluded that the evidence supported the hearing officer's factual findings. The Panel then determined that the hearing officer had not erred by finding that Ou "failed to prove the claim for unemployment benefits was not fraudulent[,]" pursuant to sections 8-70-111(2)(a) and 8-81-101(1), (4)(a)(II)-(III).[1]

## II. Standard of Review

¶ 10     Under section 8-74-107, C.R.S. 2024, we may not disturb factual findings "supported by substantial evidence," and may only set aside the Panel's decision if (1) the Panel acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the Panel's factual findings do not support its decision; or (4) the decision is erroneous as a matter of law. § 8-74-107(4), (6).

---

[1] Though the Panel affirmed the hearing officer's characterization of Ou's conduct as "fraud" and cited various subsections of section 8-81-101, C.R.S. 2024, setting forth civil and criminal penalties for fraudulent conduct, the order does not purport to impose any consequences under section 8-81-101.

## III. Analysis

¶ 11 Because Ou represents herself, we construe her arguments liberally, giving effect to their substance rather than form. *People v. Bergerud*, 223 P.3d 686, 696-97 (Colo. 2010). As we understand her written submission, Ou contends that at the hearing, she was unable to prove her identity — and thus demonstrate her eligibility for benefits — due to education, language, and literacy barriers.

¶ 12 The claimant bears the initial burden of establishing a prima facie case of eligibility for benefits. *Lucero v. Indus. Claim Appeals Off.*, 812 P.2d 1191, 1193 (Colo. App. 1991). A claimant establishes a prima facie case for benefits by submitting a "valid initial claim" under section 8-70-111(2)(a), C.R.S. 2024. A "valid initial claim" for unemployment insurance benefits must (1) include the claimant's social security number and (2) establish that the claimant meets the eligibility criteria (regarding work and payment history) set forth in section 8-73-107(1)(e), C.R.S. 2024. § 8-70-111(2)(a).

¶ 13 Substantial evidence supports the finding that Ou failed to provide her social security number, as required by section 8-70-

111(2)(a). On appeal, Ou does not dispute that her claim application included a social security number that did not belong to her. Instead, she attaches documents to her written submission that supposedly establish her identity — copies of a redacted social security card, a permanent resident card, and a debit card. But we cannot consider evidence that was not presented to the hearing officer. *See* § 8-74-107(6); *Huddy v. Indus. Claim Appeals Off.*, 894 P.2d 60, 62 (Colo. App. 1995) (noting that section 8-74-107(6) includes no provisions allowing the court to consider supplemental evidence).

¶ 14 Because Ou failed to provide her social security number, the Panel correctly concluded that she failed to meet her burden of proof and was therefore ineligible for benefits.

## IV. Disposition

¶ 15 The Panel's order is affirmed.

JUDGE YUN and JUDGE GRAHAM concur.