25CA0265 Gershteyn v ICAO 01-15-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0265
Industrial Claim Appeals Office of the State of Colorado
DD No. 14657-2024

---

Pavel Gerhsteyn,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado,

Respondent.

---

ORDER SET ASIDE AND CASE
REMANDED WITH DIRECTIONS

Division B
Opinion by JUDGE LUM
Tow and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 15, 2026

---

Pavel Gershteyn, Pro Se

No Appearance for Respondent

¶ 1    In this unemployment benefits case, Pavel Gershteyn seeks review of a final order of the Industrial Claim Appeals Office (Panel), which, among other things, disallowed his claim for benefits during the week of February 18-24, 2024.  We set aside that portion of the Panel's order regarding Gershteyn's benefits eligibility during that week.

## I.    Relevant Facts and Procedural History

¶ 2    In December 2023, Gershteyn's former employer eliminated his position and placed him on a furlough.  Gershteyn filed a claim for benefits with the Division of Unemployment Insurance (Division).

¶ 3    Shortly after filing his claim, Gershteyn called the Division to ask whether his status as a furloughed employee rendered him "job-attached" within the meaning of Division Regulations 2.4.4-2.4.6 and therefore exempted him from the general requirement that claimants actively search for new employment while receiving benefits.  *See* § 8-73-107(1)(g)(I), C.R.S. 2025.  A Division employee told Gershteyn that only a start date for employment triggered "job-attached" status.  Acting on this advice, Gershteyn engaged in job search activities through Friday, February 9, 2024, when he

accepted a job offer from a new employer and received a start date of March 4, 2024 — approximately three weeks after he accepted the job offer.

¶ 4     As the record in companion case number 24CA1513 shows, a deputy for the Division issued a notice of determination, holding that Gershteyn was not eligible to receive benefits the week of February 11-17 (Week 1) because he had not engaged in job search activities during that week.[1]  The record in the instant case shows the deputy issued a second notice of determination, finding Gershteyn ineligible for benefits during the following week — February 18-24 (Week 2) — because he failed to engage in job search activities that week as well.  Gershteyn requested evidentiary hearings as to both determinations, per section 8-74-103(1), C.R.S. 2025.

¶ 5     The Division's hearing office scheduled a hearing on the deputy's Week 1 determination.  Gershteyn provided the only testimony at that hearing, which focused entirely on facts related to his eligibility for benefits during Week 1.  After reviewing the

---

[1] We make take judicial notice of court files in related proceedings. *See Harriman v. Cabela's Inc.*, 2016 COA 43, ¶ 64.

evidence, the hearing officer issued an order finding that Gershteyn had failed to perform any job search activities during Week 1. The hearing officer agreed with the deputy that "job-attachment" status was triggered only upon an offer from a claimant's former employer, and, thus, Gershteyn's acceptance of new employment had no effect on his job-attachment status. The hearing officer then concluded that Gershteyn was ineligible for benefits during Week 2 and made no conclusion regarding his eligibility during Week 1.

¶ 6    Gershteyn appealed the hearing officer's decision to the Panel, which determined that the hearing officer had misconstrued the law. The Panel explained that section 8-73-107(1)(g)(I) generally conditions eligibility on the claimant's active efforts to secure employment. However, the Panel noted, Division Regulations 2.4.4-2.4.6 provide a two-week exemption from this requirement when a claimant accepts a job offer from a new employer. According to the Panel, since Gershteyn's "start date for his new job was March 4, 2024, he was *not* required to perform job search activities for a maximum of two weeks before that start date, which would be Sunday, February 18, 2024, through Saturday, March 2, 2024." However, the Panel found Gershteyn "*was* required to perform job

search activities during the week before this period; i.e., February 11-17, 2024." Thus, the Panel modified the hearing officer's order to disallow benefits for only Week 1.

¶ 7 Gershteyn appealed the Panel's decision to this court. *Gershteyn v. ICAO*, slip op. at ¶ 1 (Colo. App. No. 24CA1513, January 23, 2025) (not published pursuant to C.A.R. 35(e)). We held that the Panel had misconstrued the law. *Id.* at ¶¶ 12-14. We noted that, under Regulation 2.4.4's plain language, because Gershteyn accepted the employment offer on February 9, 2024, his job-attachment period began that week. *Id.* at ¶ 13. And, under Regulation 2.4.5, it extended through the following week of February 11-17. *Id.* Thus, Gershteyn was exempted from searching for work during Week 1. *Id.* at ¶ 14. We set aside the Panel's order. *Id.* at ¶ 15.

¶ 8 The Panel then issued a reconsidered final order. That order noted that Gershteyn had appealed "*two deputy's decisions*" — one concerning Gershteyn's eligibility during Week 1 and the other regarding Week 2. The Panel observed that "the hearing officer's *findings* related to [Week 1] but her *conclusions* related to [Week 2]." The Panel concluded that, though job-attached through Week 1,

Gershteyn enjoyed no such job-attachment in Week 2 and was therefore required to perform job search activities that week. The Panel determined that the hearing officer had correctly concluded that Gershteyn was ineligible for benefits during Week 2. It further held that Gershteyn was eligible for benefits during Week 1.

## II. Discussion

¶ 9 Gershteyn appeals the Panel's reconsidered final order as to Week 2, arguing that he never received a hearing on his appeal of the deputy's decision regarding eligibility for Week 2 and is entitled to one. We agree.

¶ 10 We may set aside the Panel's order where the decision "is erroneous as a matter of law" or where "the findings of fact do not support the decision." § 8-74-107(6), C.R.S. 2025.

¶ 11 Section 8-74-103 requires the hearing officer to conduct an evidentiary hearing in any appeal from a deputy's decision before issuing an order. § 8-74-103(3) ("[A]fter affording all interested parties a reasonable opportunity for a fair hearing . . ., [the hearing officer] shall make a decision on each relevant issue raised. . . ."); *see Lucero v. Indus. Claim Appeals Off.*, 812 P.2d 1191, 1193 (Colo. App. 1991) (interpreting section 8-74-103 to "require[]" a hearing on

5

any appeal of a deputy's decision).  By affirming the hearing officer's order on Week 2 — rendered without a hearing on that issue — the Panel erred as a matter of law.

¶ 12     Moreover, as the Panel pointed out, the hearing officer never made any factual findings regarding Week 2; all her findings concerned Week 1.  Accordingly, the factual findings in her order do not support her conclusion regarding Week 2, and the Panel erred in affirming it.  § 8-74-107(6).

## III.   Disposition

¶ 13     With respect to its holding regarding Gersteyn's eligibility for Week 2, we set the Panel's order aside and remand to the Panel with instructions to remand for a hearing regarding Gershteyn's eligibility for benefits during the week of February 18-24, 2024, and for factual findings on that issue.  We do not disturb the findings and conclusions Gershteyn has not explicitly appealed.

JUDGE TOW and JUDGE MOULTRIE concur.