Jack HAYNES, Larry D. McLaughlin, James H. Cummings, Robert E. Ashley, Keith H. McAdams, David C. Manning, Santiago S. Perez, Steve H. Hecksel, James A. Cichantek, Alan W. Hart, James L. Boni, Ernest C. Simon, Randolph L. Parker, Danny Sparkman, Kathy Baker and Phyllis J. Robinson, Plaintiffs-Appellants,

v.

Keith TROXEL, Dale Gran and Danny Williams, individually and as the Board of County Commissioners of the County of Eagle, Colorado, Defendants-Appellees.

No. 82CA0188.

Colorado Court of Appeals, Div. II.

Sept. 8, 1983.

Terence J. Quinn, Eagle, for plaintiffs-appellants.

Beth A. Whittier, Eagle County Atty., Eagle, Hartert, Mincer & Wilson, Gerald D. Hartert, Glenwood Springs, for defendants-appellees.

VAN CISE, Judge.

This matter was tried to the court on June 15 and 16, 1981, and the court entered findings and judgment from the bench and ordered defense counsel to prepare written findings and order. Accordingly, on July 18, 1981, the court signed a written "Order" substantially incorporating what it had announced from the bench June 16, and the order was made "nunc pro tunc" June 16, 1981.

On June 24, 1981, plaintiffs filed a "Motion to Amend Judgment" and on July 1, 1981, plaintiffs filed their "Motion for New Trial" together with a "Legal Memorandum Concerning Motion for New Trial." The court held that it was without jurisdiction to consider plaintiffs' motions since they were filed before the signing of the written order. The motions were never considered on their merits.

C.R.C.P. 59(b) specifies that "[a] motion for new trial shall be filed *not later than* fifteen days after the entry of the judgment." C.R.C.P. 59(e) provides that "[a] motion to alter or amend the judgment may be filed but *not later than* fifteen days after entry of the judgment." (emphasis supplied) There is nothing in the rules prohibiting early filing; they only proscribe motions filed too late. Therefore, this matter must be remanded for consideration of plaintiffs' motions on their merits.

Accordingly, the cause is remanded to the trial court with directions for it promptly to decide the motions on their merits, based on the existing record and without necessity of oral argument. Copies of the order entered shall be sent to the attorneys of record and to this court.

It is further ordered that if a new trial is granted, we will dismiss this appeal as moot. If the trial court denies the new trial motion, the record in this case, supplemented by the court's orders on the new trial motion and the motion to amend, shall be forthwith recertified to and filed with this court. Any costs for the supplemental record shall be paid by plaintiffs.

SMITH and KELLY, JJ., concur.