Cleotilde **BEDELL, Plaintiff–Appellant,**

v.

**LOS ZAPATISTAS, INC., Defendant–Appellee.**

No. 89CA1492.

Colorado Court of Appeals, Div. III.

Jan. 31, 1991.

Colorado Rural Legal Services, Inc., David G. Kroll and Ann M. la Plante, Greeley, for plaintiff-appellant.

Joseph G. Sandoval, Denver, for defendant-appellee.

Opinion by Judge NEY.

In this action concerning a landlord-tenant dispute, plaintiff, Cleotilde Bedell, appeals that portion of the judgment awarding damages. We reverse the judgment and remand with directions.

Plaintiff rented a house from defendant, Los Zapatistas, Inc., and lived there with her children for approximately four and one-half years, as a month-to-month tenant.

During this period, severe problems developed with the heating and plumbing systems, and part of the ceiling collapsed. Repairs were attempted on several occasions by a neighbor, who apparently acted for defendant, and by relatives of plaintiff. The efforts at repair were ineffective.

Nevertheless, plaintiff continued to occupy the house until defendant convinced her to leave in order that further repairs could be made. At the time she left, plaintiff understood that she could again live in the house after it was repaired.

Defendant then brought an action in county court to recover approximately $1300 in unpaid rent and an unpaid water bill. Because plaintiff counterclaimed for damages in an amount greater than the jurisdictional limit of the county court, the cause was removed to district court.

Based on contradictory evidence as to who was actually responsible for the deterioration of the residence, the trial court found that the premises had become uninhabitable and that a breach of the covenant of quiet enjoyment and constructive eviction had occurred. The court then ordered that neither party take anything by its complaint.

## I.

Plaintiff first argues that, because of defendant's breach of the covenant of quiet enjoyment, she is entitled to an award of damages amounting to approximately three years' rent. We conclude that remand for disposition of this issue is required.

██ Breach of the covenant of quiet enjoyment occurs when there is a disturbance of the lessee's possession by the lessor which renders the premises unfit for occupancy for the purposes leased, or which deprives the lessee of the beneficial enjoyment of the premises, causing the lessee to abandon them. Actual abandonment is not required. *Kirkland v. Allen*, 678 P.2d 568 (Colo.App.1984).

██ As to the proper basis for the calculations of such damages, Restatement (Second) of Property § 11.1 (1977) sets out the appropriate standard. It states:

> "If the tenant is entitled to an abatement of the rent, the rent is abated to the amount of that proportion of the rent which the fair rental value after the event giving the right to abate bears to the fair rental value before the event. Abatement is allowed until the default is eliminated or the lease terminates, whichever first occurs."

Such a measure of damages requires a comparison between the fair rental value of the property before and after the time at which the property became uninhabitable.

We agree with plaintiff that expert testimony is not required, *see Birkenhead v. Coombs*, 143 Vt. 167, 465 A.2d 244 (1983), and an approximation as to the amount of abatement is allowable if a precise determination is not possible. Restatement (Second) of Property § 11.1 comment d (1977).

Here, the findings of fact do not indicate the court's determination as to when the property became uninhabitable. Neither are there specific findings which reveal the rental value of the property as it underwent the process of deterioration.

Because there is nothing in the record explaining the court's calculation of damages, and because the parties did not specifically address the standard for the calculation of damages which we now adopt, the judgment cannot stand. Therefore, the matter must be remanded for a new trial and findings that reveal the basis of the court's judgment and for the entry of an appropriate judgment.

## II.

██ Plaintiff also asserts that she is entitled to an award of damages because of the breach of an implied warranty of habitability. We disagree. The trial court was correct in noting that an implied warranty of habitability of leased premises does not exist in this state. *Blackwell v. Del Bosco*, 191 Colo. 344, 558 P.2d 563 (1977).

The judgment is reversed, and the cause is remanded for a new trial.

METZGER and RULAND, JJ., concur.