J. Frank RICE, Complainant–Appellant,

v.

DEPARTMENT OF CORRECTIONS, Respondent–Appellee,

and

State Personnel Board, Appellee.

No. 96CA1007.

Colorado Court of Appeals, Div. V.

Nov. 28, 1997.

Rehearing Denied Dec. 26, 1997.

Frank & Finger, P.C., William S. Finger, Evergreen, for Complainant–Appellant.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Diane Marie Michaud, Assistant Attorney General, for Respondent–Appellee.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Mary S. McClatchey, Assistant Attorney General, for Appellee.

Opinion by Judge KAPELKE.

In this employment termination action, complainant, J. Frank Rice, appeals the order of the State Personnel Board (Board) upholding his termination from the Department of Corrections (DOC) for sexual harassment. We affirm.

Before his termination, complainant was employed by the DOC as a warden. In September 1994, a female DOC employee alleged that complainant had sexually harassed her. The executive director of DOC instructed the DOC's inspector general to conduct an investigation into the matter. Following his investigation, the inspector general filed a lengthy report detailing numerous sexual harassment incidents involving complainant.

At the conclusion of a pre-disciplinary hearing held on November 4, 1994, the executive director found that complainant's actions constituted a pattern and practice of sexual discrimination which created a hostile work environment. On December 8, 1994, the executive director terminated complainant's employment.

Complainant appealed this decision, and a 27–day evidentiary hearing was held before an Administrative Law Judge (ALJ). At the hearing, DOC called 25 witnesses in its case-in-chief and six in rebuttal, and complainant called 25 witnesses and also testified in his own behalf.

The ALJ concluded that the termination was not arbitrary, capricious, or contrary to rule of law, that the discipline imposed was within the range of available alternatives, and that there was just cause for the termination. Complainant then appealed this decision to the Board. The Board adopted the ALJ's findings of fact and conclusions of law, and affirmed the ALJ's decision. This appeal followed.

## I.

Complainant contends that the termination was improper because the DOC failed to follow its own rules and regulations before terminating him. Specifically, complainant asserts that DOC was required to adhere to the procedures set forth in DOC Reg. 1450–5 concerning sexual harassment and discrimination grievances and that its failure to do so mandates reversal. We disagree.

The General Assembly has enacted statutes governing the discharge of state employees. Under § 24–50–125(1), C.R.S.1997, a certified state employee may be discharged for "failure to comply with standards of efficient service or competence or for willful

misconduct." Willful misconduct includes, but is not limited to, a violation of State Personnel Rules. State Personnel Board Rule 8–3–3(C)(2), 4 Code Colo. Reg. 801–1.

Prior to dismissal or the imposition of other disciplinary sanctions, a certified state employee must be provided an opportunity to meet with his or her appointing authority to learn of the allegations of misconduct and to admit or deny them and present any information regarding mitigating circumstances. State Personnel Board Rule 8–3–3(D)(1), 4 Code Colo. Reg. 801–1. Within five days of the effective date of the disciplinary action, the employee must be notified by certified letter of the action taken, the specific charges giving rise to such action, and the employee's right of appeal to the Board. Section 24–50–125(2), C.R.S.1997; State Personnel Board Rule 8–3–3(D)(4), 4 Code Colo. Reg. 801–1.

Here, complainant's dismissal was handled in full compliance with these procedures, and he was afforded a full evidentiary hearing and an appeal to the Board. Nevertheless, complainant contends that his termination was improper because no timely written grievance had been filed against him by another employee and because the grievance procedures set forth in DOC Reg. 1450–5 were not followed. We find no basis for reversal.

State Personnel Board Rule 8–3–(C), 4 Code Colo. Reg. 801–1, provides, in pertinent part:

Any person who has been aggrieved or adversely affected by the action of an employee of the Personnel System in the performance of his/her duties ... may complain about the employee. If the aggrieved party is in the same department ... s/he *should* use the grievance procedure. (emphasis added)

DOC Reg. 1450–5, in effect at the time, stated, in pertinent part:

All employees shall have access to the grievance process as described in the Colorado State Personnel Board Rules, Chapters 10 and 11, as outlined in Attachment 'A', Work Place Discrimination and/or Harassment Grievance Procedure Flowchart.

When read together, these regulations are consistent. State Personnel Board Rule 8–3–(C) states that an aggrieved employee "should" use the grievance procedure. DOC Reg. 1450–5 states that all employees "shall have access" to the grievance process. Neither rule suggests, however, that the employee grievance procedure is the *exclusive* means of addressing allegations of sexual harassment by DOC employees.

This reading is also consistent with the statutory framework of both the DOC regulation and the Board Rules. Section 24–50–123, C.R.S.1997, states that the board shall adopt a uniform grievance procedure to be used for employees in the state personnel system and that: "The grievance procedure shall provide an orderly system of review for all grievances, except those arising under section 24–50–125."

As noted above, this proceeding arose under § 24–50–125, which is headed "Disciplinary Proceedings—hearings-procedure" and provides that a certified state employee may be dismissed for failure to comply with standards of efficient service or competence or for willful misconduct. *See also* Colo. Const. art. XII, § 13(8).

Complainant's reliance on *Shumate v. State Personnel Board,* 34 Colo.App. 393, 528 P.2d 404 (1974) is misplaced. There, a division of this court held that when a state agency promulgates rules governing employee termination that are more stringent in favor of the employee than due process would require, the agency must strictly comply with those rules.

However, *Shumate* is not controlling here because the grievance procedure under DOC Reg. 1450–5 is not a disciplinary proceeding, as such. Indeed, that regulation itself makes clear that it is the Personnel Board Rules that govern the actual imposition of corrective or disciplinary action. *See* DOC Reg. 1450–5(4)(f)(2)("[I]f at any step of this process a finding that work place discrimination/harassment has occurred, it shall be immediately referred for review and proper action pursuant to chapter 8, Employee Performance of the Colorado State Personnel Rules.").

Under complainant's interpretation of DOC Reg. 1450–5, the DOC itself would be essentially precluded from conducting investigations and from taking any appropriate disciplinary steps to prevent or bring a halt to harassment or discrimination practices unless and until it had received a timely written grievance from an employee. Such an interpretation would tend to subvert the critical policy goal of prohibiting discrimination and sexual harassment in the workplace and, significantly, might lead to inaction on the part of the DOC that could subject it to liability under both state and federal laws prohibiting such discrimination and harassment.

Therefore, we reject complainant's contention that he could not properly be terminated for sexual harassment absent the timely lodging of a written grievance by another employee and compliance by the DOC with the procedures of DOC Reg. 1450–5.

## II.

Complainant also contends that the ALJ committed numerous procedural and evidentiary errors which, considered cumulatively, compel reversal. Specifically, according to complainant, the ALJ erred when he: (1) modified the case management order shortly before the hearing; (2) improperly limited the testimony of one witness; (3) allowed hearsay testimony; (4) improperly allowed DOC to call an unendorsed witness in its rebuttal case and refused complainant's request to call a surrebuttal witness; (5) denied complainant's motion for disclosure of psychological and mental health evaluations of certain witnesses; and (6) failed to recuse himself. Again, we perceive no basis for reversal.

## A.

■ First, complainant contends that the ALJ abused his discretion by allowing DOC to file an amended pre-hearing statement. He claims the pre-hearing statement expanded the scope of the hearing by adding new witnesses. We find no abuse of discretion.

■ An ALJ, like a trial court, has broad discretion to enter pre-trial orders in the interest of case management. *Weiss v. De-*

*partment of Public Safety,* 847 P.2d 197 (Colo.App.1992). Further, it is within the ALJ's discretion to allow late endorsement of witnesses.

Here, both parties endorsed witnesses after entry of the case management order. Since complainant has failed to show any actual prejudice resulting from the endorsements, we find no abuse of discretion. *See J.P. v. District Court,* 873 P.2d 745 (Colo. 1994).

## B.

■ With respect to one of the DOC witnesses, complainant contends that the DOC withheld information that she had been dismissed from DOC for misconduct and untruthfulness. Complainant urges that reversal is mandated because of the resulting prejudice to him. We disagree.

The information in question was elicited and explored on cross-examination, and complainant was also allowed an opportunity to examine related documentation. We also note that complainant did not attempt to recall this witness to pursue the credibility issue further. Accordingly, we find no error in this regard.

■ Second, complainant asserts that the ALJ erred by allowing another witness to give hearsay testimony concerning the circumstances of the first witness' termination. Again, we disagree.

The hearsay complained of was limited to one witness, and related only to one other witness' credibility. Such testimony was by no means the sole evidence relied on by the ALJ. Under these circumstances, the admission of the hearsay testimony does not present a basis for reversal.

■ Finally, complainant claims that the ALJ erred by limiting his impeachment of a witness to questions concerning the discharged employee's character or reputation for truthfulness. He also asserts that he should have been allowed to call two other witnesses to attack the credibility of the discharged employee. We disagree with complainant's assertions.

Under CRE 608(b), specific instances of the conduct of a witness may not be proved by extrinsic evidence when such evidence is used solely for the purpose of attacking or supporting the witness' credibility. Here, the ALJ properly confined the witness' testimony in this regard to an opinion as to the reputation of the discharged employee for truthfulness or untruthfulness.

Similarly, the court did not err in precluding the testimony of the other witnesses regarding specific instances of alleged misconduct on the part of the discharged employee.

## C.

Complainant contends that the ALJ erred by allowing the testimony of one of the witnesses called by the DOC because some aspects of the testimony had not been previously disclosed. Because there is no requirement that the full details of a witness' testimony be disclosed prior to the disciplinary hearing, we perceive no error.

## D.

Complainant also contends that the ALJ erred by allowing the DOC to call an unendorsed witness in its rebuttal case, and by refusing to allow claimant to call a surrebuttal witness. We disagree.

The admission of rebuttal testimony is within the sound discretion of the ALJ and will not be disturbed absent an abuse of that discretion. *Wertz v. People,* 160 Colo. 260, 418 P.2d 169 (Colo.1966).

Here, complainant has failed to provide any showing of prejudice resulting from the testimony of the DOC's rebuttal witness. Also, complainant did not indicate before the ALJ what witnesses he intended to call on surrebuttal, what the anticipated content of their testimony would have been, or how, if at all, he was prejudiced by their exclusion. Thus, we find no abuse of discretion.

## E.

Also, complainant urges that the ALJ erred by refusing to allow him to make inquiries into the mental conditions of some of the witnesses who had made allegations of sexual harassment against him. We disagree.

Complainant was seeking privileged information relating to non-parties but failed to show that the witnesses had waived any privilege or even that he had any particularized need for such information. The women had not placed their mental conditions in controversy. Accordingly, we again find no abuse of discretion.

## F.

Finally, complainant urges that the ALJ erred by failing to recuse himself and by failing to grant a mistrial. Complainant claims that the ALJ had demonstrated a prejudice against complainant's counsel. We find no error.

An ALJ may be disqualified for personal bias. Section 24-4-105(3), C.R.S.1997. The decision to disqualify, however, is within the discretion of the ALJ, whose ruling will not be disturbed absent an abuse of that discretion. *In re Marriage of Mann,* 655 P.2d 814 (Colo.1982).

According to complainant, the following exchange between the ALJ and counsel revealed a prejudice on the part of the ALJ:

ALJ: I'll allow that, but ... I just don't want to open it up way beyond what we're supposed to be doing at this hearing.

Counsel: Judge, I'm trying to narrow it.

ALJ: Yeah, but you see, ... my problem with that ... is I'm not convinced that you won't. I just wish I could trust you to just narrow it yourself, and if you'll do that, then fine.

The ALJ's isolated remark was fairly innocuous and does not evince a prejudice requiring either recusal or the granting of the drastic remedy of mistrial.

The order is affirmed.

RULAND and CASEBOLT, JJ., concur