**UNITED PARCEL SERVICE, INC.,
and Liberty Mutual Insurance
Company, Petitioners,**

v.

**The INDUSTRIAL CLAIM APPEALS OF-
FICE OF the STATE OF COLORADO
and Dennis Rogan, Respondents.**

**No. 99CA0540.**

Colorado Court of Appeals,
Div. A.

June 24, 1999.

The Connell Law Firm, John M. Connell, Mark A. Neider, Denver, Colorado, for Petitioners.

Ken Salazar, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney

General, Richard A. Westfall, Solicitor General, Jeannette W. Kornreich, Assistant Attorney General, Denver, Colorado, for Respondent Industrial Claim Appeals Office.

Alexander & Ricci, William A. Alexander, Jr., Colorado Springs, Colorado, for Respondent Dennis Rogan.

Opinion by Judge RULAND.

In this workers' compensation proceeding, claimant, Dennis Rogan, has moved to dismiss this appeal brought by petitioners, United Parcel Service, Inc., and Liberty Mutual Insurance Company. He contends that the order of the Industrial Claim Appeals Office (Panel) is not final and appealable. We agree and dismiss the appeal without prejudice.

The Panel entered an order affirming the decision of an Administrative Law Judge (ALJ) that awarded medical benefits to claimant and apportioned permanent partial disability benefits. However, it reversed that part of the ALJ's decision declining to award any penalties against petitioners for a late admission of liability for permanent partial disability. The Panel remanded the case for entry of an order concerning the amount of penalties to be imposed.

Petitioners argue that the order imposing penalties is a final appealable order pursuant to § 8–43–301(2) and § 8–43–307(1), C.R.S. 1998. They maintain that the order finally resolved the issue of liability for penalties and, relying on *Natkin & Co. v. Eubanks,* 775 P.2d 88 (Colo.App.1989), assert that not all issues need to be resolved for the court to have jurisdiction over this dispute. They contrast the order here with the one in *U.S. Fidelity & Guaranty, Inc. v. Kourlis,* 868 P.2d 1158 (Colo.App.1994), which remanded the issue of penalties for a determination on the merits.

We agree that the General Assembly may adopt legislation determining that a particular type of interlocutory order may be appealed even though it does not adjudicate all of the issues in a case.

However, as a division of this court held in *Ball Corp. v. Loran,* 42 Colo.App. 501, 596 P.2d 412 (1979), the amount of damages must be determined following a finding of liability before a judgment is final and appealable. By similar reasoning and absent specific legislation to the contrary, we hold that, to avoid piecemeal review, the amount of the penalty must be determined here before the ruling as to penalties is final for purposes of judicial review. *See Workman v. Department of Corrections,* 988 P.2d 1143 (Colo.App.1999)(addressing finality of an award of attorney fees where amount has not been determined).

Accordingly, the appeal is dismissed without prejudice.

Judge PLANK and Judge NEY concur.