**Mary Patricia BRODEUR, survivor of Dennis Brodeur, deceased, Petitioner,**

v.

**INDUSTRIAL CLAIM APPEALS OFFICE of the State of Colorado, Interstate Distributor Company, and American Home Assurance, Respondents.**

**No. 05CA2176.**

Colorado Court of Appeals, Div. I.

March 8, 2007.

Rehearing Denied April 26, 2007.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2006.

Irwin & Boesen, P.C., Chris L. Ingold, Denver, Colorado, for Petitioner.

John W. Suthers, Attorney General, Laurie Rottersman, Assistant Attorney General, Denver, Colorado, for Respondent Industrial Claim Appeals Office.

Senter Goldfarb & Rice, L.L.C., Joanne C. Crebassa, Denver, Colorado, for Respondents Interstate Distributor Company and American Home Assurance.

Opinion by Judge ROY.

Petitioner, Mary .Patricia Brodeur (the claimant), seeks review of a final order of the Industrial Claim Appeals Office (the Panel) dismissing her appeal of an order denying workers' compensation death benefits against Interstate Distributor Company and its insurer, American Home Assurance (collectively, the employer), arising from the death of her husband, Dennis Brodeur (the decedent). We affirm.

The underlying issue presented is whether the claimant's petition for review by the Panel of the order of an administrative law judge (ALJ) denying death benefits was timely

filed under § 8–43–301(2), C.R.S.2006. More particularly, the issue is narrowed to whether the provision of § 8–43–215(1), C.R.S.2006, that a written order granting or denying benefits "shall be mailed ... to each of the parties in interest," requires a mailing to the claimant in addition to a mailing to the claimant's attorney in order to commence the running of the time within which a petition for review must be filed. We conclude it does not.

This is the second appeal arising out of the admitted compensable injury to, and subsequent death of, the decedent. The first, *Brodeur v. American Home Assurance Co.*, 2006 WL 488731 (Colo.App. No. 03CA1710, Mar. 2, 2006) (not published pursuant to C.A.R. 35(f)) *(cert. granted* Nov. 6, 2006), dealt with, inter alia, whether a claim for a bad faith breach of a workers' compensation insurance contract was timely filed under the applicable statute of limitations.

While the facts of the case are somewhat extended, for our purposes we need only note that the claimant claims that her husband was within the quasi course and scope of his employment at the time of his fatal auto accident because he was then en route to purchase nonprescription pain relievers for his admitted compensable back injury. Further, the claimant claims that her husband's death was proximately caused by the effects of his admitted work-related injury.

The procedural context is also somewhat extended but, for our limited purposes here, the relevant events are that on January 20, 2005, the ALJ issued an order denying the claimant death benefits. A petition for review of that order was not filed until February 22, 2005, thirty days after the date of the certificate of service on the order, with twenty days being allowed. Section 8–43–301(2). The employer filed, and the ALJ granted, a motion to dismiss on the ground that the petition for review was untimely. The claimant then filed a timely petition for review of the ALJ's order dismissing the first petition for review. The Panel affirmed, and the claimant's appeal is taken from that order.

■ Section 8–43–301(2) provides that an ALJ's order denying benefits is final unless the dissatisfied party files a petition for review within twenty days of the certificate of mailing of the order. It is undisputed that the claimant's petition for review of the ALJ's order denying benefits was not filed within twenty days of the date of the certificate of mailing of that order. The statutory time limits governing appellate review of workers' compensation decisions are jurisdictional. *Wal–Mart Stores, Inc. v. Indus. Claim Appeals Office,* 24 P.3d 1 (Colo.App. 2000). Thus, absent the filing of a timely petition to review, the Panel lacks jurisdiction to review the ALJ's order. *See Schneider Nat'l Carriers, Inc. v. Indus. Claim Appeals Office,* 969 P.2d 817 (Colo.App.1998); *Buschmann v. Gallegos Masonry, Inc.,* 805 P.2d 1193 (Colo.App.1991). Any unfairness that may result from the statutory limitation is a matter that can only be addressed by the General Assembly. *See Wal–Mart Stores, Inc. v. Indus. Claim Appeals Office, supra; Digital Equip. Corp. v. Indus. Claim Appeals Office,* 894 P.2d 54 (Colo.App.1995) (appellate court is not at liberty to read nonexistent terms into the plain language of the statute).

■ Like the Panel, we reject the claimant's argument that § 8–1–102(2), C.R.S. 2006, authorizes appeals that are not timely filed under § 843301(2). Section 8–1–102(2) authorizes the Panel to conduct administrative appellate review of "any order entered pursuant to articles 43 and 74 of this title and to make a decision on said appeal." That section does not provide any procedure for perfecting an appeal to the Panel; § 8–43–301(2) is the exclusive means of doing so.

The claimant argues that the petition for review of the order denying benefits was not untimely because, while her counsel of record was properly served, she was, as the certificate of mailing indicates, never served with a copy of the order denying benefits.

Section 8–43–215(1) requires that at the conclusion of a hearing, the ALJ or the director shall issue a written order which "shall be mailed ... to each of the parties in interest." Neither the statute nor the rules define "parties in interest."

■ However, according to the Workers' Compensation Rules of Procedure, "Claimant means an employee or dependents of a deceased employee claiming entitlement to benefits under the Act. For the purpose of notification and pleadings, the term claimant shall include the claimant's legal representative." Rule I 1–1(B), 7 Code Colo. Regs. 1101–3 (2005) (formerly Rule II(A)(2) (1996), with minor amendments). Generally, the attorney-client relationship vests in the attorney the management, discretion, and control of all procedural matters connected with a proceeding. "By virtue of such delegation of authority, the client is bound by the actions of his attorney." *Mountain States Tel. & Tel. Co. v. Dep't of Labor & Employment,* 184 Colo. 334, 338, 520 P.2d 586, 589 (1974).

■ Nevertheless, the term "include" as used in Rule I 1–1(B) can be construed as indicating that notice to an attorney is to be given in addition to that given to the claimant or in lieu of that given to the claimant. We interpret statutes to give effect to all their parts and avoid interpretations that render statutory provisions redundant or superfluous. *Wolford v. Pinnacol Assurance,* 107 P.3d 947 (Colo.2005). A later rule requires that documents filed with the division be "mailed to each party to the claim and attorney(s) of record, if any." Rule I 1–4(A) (formerly Rule XI (B)(3) (1993), with minor amendments). Therefore, interpreting Rule I 1–1(B) so as not to render expanded language in the later rule redundant, we conclude Rule I 1–1(B) suggests that an attorney may be notified in lieu of a claimant. Or,

put another way, when the division specifies particular situations in which it requires service on both a party and the attorney, it should generally be construed as excluding that requirement from other situations not so specified. *See People v. Campbell,* 885 P.2d 327 (Colo.App.1994).

■ General agency law supports this interpretation. Notice to the attorney is notice to the client if the notice, or knowledge of it, relates to the proceedings for which the attorney has been employed. *Dickman v. DeMoss,* 660 P.2d 1 (Colo.App.1982); *see also Padilla v. D.E. Frey & Co.,* 939 P.2d 475 (Colo.App.1997) (applying this rule to notice of judgments).

■ Therefore, we conclude that the mailing of a written order to the attorney appearing in the proceedings for the claimant satisfies the notice requirement of mailing the order to the claimant as a party in interest and the time within which to file a petition for review commences running on the date indicated in the certificate of mailing.

The order is affirmed.

Judge MÁRQUEZ and Judge FURMAN concur.