**FLINT ENERGY SERVICES, INC. and Liberty Mutual Insurance Company, Petitioners,**

v.

**INDUSTRIAL CLAIM APPEALS OF- FICE OF the STATE of Colorado and Randall Burch, Respondents.**

No. 06CA2038.

Colorado Court of Appeals, Div. II.

Aug. 7, 2008.

Law Offices of Richard P. Myers, Jonathan S. Robbins, Denver, Colorado, for Petitioners.

John W. Suthers, Attorney General, Mary Karen Maldonado, Assistant Attorney General, Denver, Colorado, for Respondent Industrial Claim Appeals Office.

Irwin & Boesen, P.C., Lane N. Cohen, Denver, Colorado, for Respondent Randall Burch.

Opinion by Judge CARPARELLI.

In this workers' compensation action, Flint Energy Services, Inc. and its insurer, Liberty Mutual Insurance Company (collectively employer), seek review of an order of the Industrial Claim Appeals Office (Panel), setting aside an order of the administrative law judge (ALJ), and remanding the matter back to the ALJ. We dismiss the appeal without prejudice.

## I.

Claimant, Randall Burch, a resident of Louisiana, contracted West Nile Virus while living and working in Colorado for a construction project. Claimant sought workers' compensation benefits, claiming that his illness arose out of his employment. After a hearing, the ALJ found that claimant had not met his burden of demonstrating that the travel status doctrine applied to him for the time period he was in Colorado, and that he was therefore required to demonstrate that he contracted the illness during working hours. *See Phillips Contracting, Inc. v. Hirst,* 905 P.2d 9, 11 (Colo.App.1995) ("An employee whose work requires travel away from the employer's premises is held to be within the course of employment continuously during the trip, except when the employee makes a distinct departure on a personal errand.") The ALJ further determined that because claimant had failed to establish that he had contracted his illness during work hours, he had not demonstrated that his illness was work-related. The ALJ therefore dismissed the claim.

On review, the Panel determined that the ALJ had misapplied the travel status doctrine, and found that claimant was in travel status during the time he was living and working in Colorado. The Panel therefore set aside the ALJ's order and remanded the matter "for determination of the benefits and compensation payable to the claimant."

## II.

Employer now appeals, arguing that the Panel erroneously applied the travel status doctrine and overstepped its authority by reversing factual determinations made by the ALJ.

Shortly after the Panel filed its answer brief, it also filed a motion to dismiss in which it asserted that its order was not final for purposes of appeal. The motions division referred the motion to this division for resolution. At oral argument, employer and claimant stated that employer had agreed to pay one of claimant's medical expenses and agreed that we should construe this agreement as satisfying the requirement that, to be final, an order must grant or deny benefits or statutory penalties. We granted the parties leave to submit a stipulation regarding the agreement and payment, and they have done so.

In the stipulation, employer and claimant state that employer agreed to pay a bill in the amount of $185 for treatment that was reasonable, necessary, and related to the subject injury. They contend that this agreement makes the Panel's order an award of benefits, and, thus, final for appellate purposes. The stipulation also represents that, based on the parties' agreement, the Panel agreed to withdraw its motion to dismiss. The Panel's counsel also signed the stipulation

Our review is limited to "final orders" of the Panel. § 8–43–307(1), C.R.S. 2007. For this court to be "invested with jurisdiction" over a workers' compensation matter, the Panel must have issued a "final order." *CF & I Steel Corp. v. Indus. Comm'n,* 731 P.2d 144, 146 (Colo.App.1986). To be final, an order must grant or deny

benefits or penalties. *Ortiz v. Indus. Claim Appeals Office,* 81 P.3d 1110, 1111 (Colo.App. 2003) (final order has "traditionally been interpreted as including only those orders that grant or deny benefits or penalties.") Where an order neither awards nor denies benefits, it is merely interlocutory and is "not ripe for appellate review." *U.S. Fid. & Guar., Inc. v. Kourlis,* 868 P.2d 1158, 1163 (Colo.App.1994). Moreover, where the Panel has remanded a matter to the ALJ for determination of an award, the decision is not a final order and "is not subject to review by this court." *Oxford Chems., Inc. v. Richardson,* 782 P.2d 843, 846 (Colo.App.1989) (dismissing appeal of penalty issue on ground that Panel's order remanding matter to ALJ for determination of penalty was not final, appealable order); *see also UPS, Inc. v. Indus. Claim Appeals Office,* 988 P.2d 1146, 1147 (Colo.App.1999) (holding Panel's decision was not final, appealable order because "the amount of the penalty must be determined here before the ruling as to penalties is final for purposes of judicial review").

 Here, the Panel remanded the matter to the ALJ for determination of the benefits and compensation payable to claimant. It did not award any benefits. Employer's agreement to pay one of claimant's expenses does not alter the Panel's order and does not constitute an award of benefits by the ALJ or the Panel. Consequently, the Panel's decision is not a final order under section 8–43–307 and is not ripe for appellate review.

The appeal is therefore dismissed without prejudice.

Judge ROTHENBERG and Judge BERNARD concur.