2013 COA 54

**Patrick YOUNGS, Petitioner,**

v.

**INDUSTRIAL CLAIM APPEALS OFFICE of the State of Colorado; White Moving and Storage, Inc.; and Pinnacol Assurance, Respondents.**

**No. 12CA0257**

Colorado Court of Appeals,
Div. VII.

Announced April 11, 2013

Rehearing Denied May 9, 2013

See also 297 P.3d 964.

Chris Forsyth Law Office, LLC, Chris Forsyth, Denver, Colorado, for Petitioner

John W. Suthers, Attorney General, Alice Q. Hosley, Assistant Attorney General, Denver, Colorado, for Respondent Industrial Claim Appeals Office

Harvey D. Flewelling, Denver, Colorado, for Respondents White Moving and Storage, Inc. and Pinnacol Assurance

Opinion by JUDGE HAWTHORNE

¶ 1 In this workers' compensation action, claimant, Patrick Youngs, seeks review of a final order of the Industrial Claim Appeals Office (Panel) that (1) considered a June 27, 2011 order issued by administrative law judge (ALJ) Cain granting partial summary judgment to employer, White Moving and Storage, Inc., and dismissing claimant's petition to reopen based on fraud; and (2) reviewed a July 18, 2011 order issued by ALJ Jones denying and dismissing claimant's petition to reopen based on worsening condition. The Panel held that it lacked jurisdiction to review ALJ Cain's order because it was an interlocutory order and claimant failed to file his petition to review that order within the applicable twenty-day statutory time period after ALJ Jones's final order entered. It affirmed ALJ Jones's order, rejecting claimant's evidentiary and due process challenges. We affirm.

## I. Procedural History

¶ 2 This is claimant's third appeal arising from his 2005 workers' compensation claim. *See Youngs v. Indus. Claim Appeals Office*, 2012 COA 85, 297 P.3d 964; *Youngs v. Indus. Claim Appeals Office*, 2009 WL 3863413 (Colo.App. No. 08CA2209, Nov. 19, 2009) (not published pursuant to C.A.R. 35(f)).

¶ 3 Claimant sustained an admitted, work-related injury to his left shoulder in 2005. His authorized treating physician (ATP) placed him at maximum medical improvement (MMI) in 2006.

¶ 4 In March 2011, claimant filed a petition to reopen his claim based on worsening condition (pain in his right arm allegedly caused by its overuse after the injury to his left arm)

and fraud (employer failed to disclose its insurer's financial relationship with the medical group retained to perform the division-sponsored independent medical examination (DIME)).

¶ 5 Employer and its insurer, Pinnacol (collectively employer), sought an order dismissing the fraud claim. Employer argued that claimant could not establish the requisite fraud elements to support his request to reopen on that basis. ALJ Cain agreed and dismissed claimant's fraud claim.

¶ 6 A hearing was later conducted by ALJ Jones on claimant's worsening condition claim. After receiving testimony from claimant and employer's retained independent medical examination (IME) physician, ALJ Jones found the IME physician credible and persuasive and discredited claimant's testimony as "implausible, inconsistent, and unsupported by the medical records." She concluded that claimant had not established that his right arm pain was causally connected with his left arm injury, and therefore denied and dismissed his petition to reopen based on worsening condition.

¶ 7 Claimant filed his petition to review ALJ Cain's order on July 15, 2011. He filed his petition to review ALJ Jones's order on July 18, 2011. The Panel affirmed ALJ

Jones's order, but determined that it lacked jurisdiction to review ALJ Cain's order. This appeal followed.

## II.  ALJ Cain's Order

¶ 8 Claimant contends that the Panel improperly determined that it lacked jurisdiction to review ALJ Cain's order. He argues that his petition to review was filed timely and therefore the order should have been reviewed and ultimately set aside. We disagree.

### A.  Pertinent Facts

¶ 9 Claimant filed his petition to review ALJ Cain's order before ALJ Jones issued her final order. After ALJ Jones issued her final order, claimant filed a second petition to review that order. Claimant did not mention ALJ Cain's earlier order in the second petition.

¶ 10 The Panel dismissed claimant's appeal of ALJ Cain's order, holding that the order was interlocutory and claimant had failed to file his petition to review it within the applicable twenty-day statutory time period *after* it became final. The following chronology illustrates the basis of the Panel's holding.

| DATE | ACTION |
| --- | --- |
| June 24, 2011 | ALJ Cain issues order granting partial summary judgment to employer dismissing claimant's petition to review based on fraud, but allowing remaining claim to proceed to hearing (interlocutory order) |
| June 27, 2011 | ALJ Cain's order is mailed to the parties |
| June 29, 2011 | Hearing is held before ALJ Jones |
| July 15, 2011 | Claimant submits his petition to review ALJ Cain's order |
| July 15, 2011 | ALJ Jones issues order denying and dismissing claimant's petition to review based on worsening condition (final order) |
| July 18, 2011 | ALJ Jones's order is mailed to the parties |
| July 18, 2011 | Claimant submits petition to review only ALJ Jones's order |

### B.  Governing Law

¶ 11 Pursuant to section 8–43–301(2), C.R.S.2012, a petition to review an order of an ALJ "shall be filed within twenty days *after* the date of the certificate of mailing of the order." (Emphasis added.) But review

by the Panel and this court is limited to orders that require "any party to pay a penalty or benefits or den[y] a claimant any benefit or penalty." *Id.* "The term 'final order' has 'traditionally been interpreted as including only those orders that grant or deny benefits or penalties.'" *Jefferson Cnty. Pub. Sch. v. Indus. Claim Appeals Office,* 181 P.3d 1199, 1200 (Colo.App.2008) (quoting *Ortiz v. Indus. Claim Appeals Office,* 81 P.3d 1110, 1111 (Colo.App.2003)).

¶ 12 "Where an order neither awards nor denies benefits, it is merely interlocutory and is 'not ripe for appellate review.'" *Flint Energy Servs., Inc. v. Indus. Claim Appeals Office,* 194 P.3d 448, 450 (Colo.App.2008) (quoting *U.S. Fid. & Guar., Inc. v. Kourlis,* 868 P.2d 1158, 1163 (Colo.App.1994)). However, "an interlocutory order becomes reviewable when appealed incident to or in conjunction with an otherwise final order." *BCW Enters., Ltd. v. Indus. Claim Appeals Office,* 964 P.2d 533, 537 (Colo.App.1997).

¶ 13 A party that misses the twenty-day statutory time limit for filing a petition for review is jurisdictionally barred from obtaining further review of the order. *See Wal–Mart Stores, Inc. v. Indus. Claim Appeals Office,* 24 P.3d 1, 2 (Colo.App.2000) ("The statutory time limits governing appellate review of workers' compensation decisions are jurisdictional."); *Buschmann v. Gallegos Masonry, Inc.,* 805 P.2d 1193, 1194 (Colo.App.1991) ("The timely filing of a petition to review is a jurisdictional requirement. . . ."). "[A]bsent the filing of a timely petition to review, the Panel lacks jurisdiction to review the ALJ's order." *Brodeur v. Indus. Claim Appeals Office,* 159 P.3d 810, 812 (Colo.App.2007). Moreover, "[b]ecause filing requirements are jurisdictional, such statutory provisions must be strictly construed." *Schneider Nat'l Carriers, Inc. v. Indus. Claim Appeals Office,* 969 P.2d 817, 818 (Colo.App.1998).

### C. Claimant Must File a Petition to Review

¶ 14 Claimant first contends that the Panel erred in holding that it did not have jurisdiction to review ALJ Cain's order. He argues that (1) because ALJ Cain's order was an interlocutory order, it was not final for purposes of appeal and therefore a petition to review it was not required, and (2) his timely appeal of ALJ Jones's final order included ALJ Cain's order. To the extent claimant argues that he was entitled to automatic review of ALJ Cain's order when he filed a timely petition for review of ALJ Jones's order, we disagree.

¶ 15 We know of no authority, and claimant cites none, that relieves a party from filing a timely written petition to review that identifies the alleged errors in the order or orders of which the party seeks review. To the contrary, a party petitioning for review of an ALJ's order must make the request in writing and "shall set forth in detail the particular errors and objections of the petitioner." § 8–43–301(2); *see also Martinez v. Indus. Comm'n,* 709 P.2d 49, 50 (Colo.App. 1985) (petition to review was sufficient because it was in writing, "set forth the claimant's particular objections and claims of error," and identified the order sought to be reviewed).

¶ 16 Here, claimant's timely petition to review ALJ Jones's final order neither listed ALJ Cain's order nor identified errors in that order that the Panel should review. The petition was therefore inadequate to appeal ALJ Cain's order because it did not "set forth in detail" any errors or objections to be considered.

¶ 17 Accordingly, the Panel was deprived of jurisdiction to review ALJ Cain's order. *See Brodeur,* 159 P.3d at 812.

### D. Premature Petition to Review

¶ 18 Although claimant's first contention above concedes that ALJ Cain's order was interlocutory, he next contends that if it "w[as] final and reviewable, a petition to review was timely filed." He argues that his petition to review ALJ Cain's order was timely filed after the order was issued because the petition was mailed within twenty days of that order. We disagree.

¶ 19 On July 15, 2011, claimant filed his petition to review ALJ Cain's order within

twenty days of the order. However, this filing did not satisfy section 8–43–301(2)'s requirements.

¶ 20 The current version of section 8–43–301(2), which was in effect when claimant submitted his petitions to review, mandates that such petitions be filed "*within* twenty days *after* the date of the certificate of mailing" of the final, appealable order. § 8–43–301(2) (emphasis added). The use of "after" was a change from the legislature's prior use of the phrase "within twenty days *from* the date of the certificate of mailing." The amendment was enacted in 2009. Ch. 49, sec. 3, § 8–43–301(2), 2009 Colo. Sess. Laws 176.

¶ 21 We review statutory construction de novo. *Ray v. Indus. Claim Appeals Office,* 124 P.3d 891, 893 (Colo.App. 2005), *aff'd,* 145 P.3d 661 (Colo.2006). And, we interpret a Workers' Compensation Act statute "according to its plain and ordinary meaning" if its language is clear. *Davison v. Indus. Claim Appeals Office,* 84 P.3d 1023, 1029 (Colo.2004). In addition, "when examining a statute's plain language, we give effect to every word and render none superfluous because '[w]e do not presume that the legislature used language 'idly and with no intent that meaning should be given to its language.' " *Colo. Water Conservation Bd. v. Upper Gunnison River Water Conservancy Dist.,* 109 P.3d 585, 597 (Colo.2005) (citation omitted) (quoting *Carlson v. Ferris,* 85 P.3d 504, 509 (Colo.2003)).

¶ 22 The substitution of the word "after" for the word "from" in the statute was part of an amendment intended to clarify procedures governing workers' compensation cases. The amendment, S.B. 09–070, was titled "An Act Concerning Clarifications to Workers' Compensation Procedures." Ch. 49, 2009 Colo. Sess. Laws 175. "After" was substituted throughout the amendment in conjunction with several temporal deadlines. In this context, "after" has only one meaning: "subsequent to in time or order." *Webster's Ninth New Collegiate Dictionary* 63 (1989). Other dictionaries have defined "after" almost identically: (a) "following in time or place," *Webster's Third New International Dictionary* 38 (1969); (b) "behind in place or

position; following the completion of; in succession to," *Random House Webster's Collegiate Dictionary* 24 (1991); (c) "following in time, place, or order," *http://dictionary. cambridge.org.* We know of no definition of "after" that would ascribe to it a use meaning "preceding" an event.

¶ 23 The use of the word "within" in the phrase "within twenty days after the date of the certificate of mailing" is also significant. The phrase identifies two dates: (1) the date of the certificate of mailing and (2) the twentieth day after that date. The statute requires that the petition be filed "within" the time period encompassed by those two dates. This fact also excludes the possibility that a petition may be filed before the twenty-day period begins to run.

¶ 24 Claimant cites the Panel's decision in *Fischer–Muck v. Interim Healthcare,* WC Nos. 4–113–829 and 4–387–127 (Jan. 31, 2000), for the proposition that premature appeals are acceptable. The decision is inapposite and does not persuade us to reach a different conclusion. First, although we give deference to the Panel's reasonable interpretations of the statute it administers, we are not bound by the Panel's interpretation of the Act or by its earlier decisions. *See Sanco Indus. v. Stefanski,* 147 P.3d 5, 8 (Colo. 2006); *Olivas–Soto v. Indus. Claim Appeals Office,* 143 P.3d 1178, 1180 (Colo.App.2006); *Dillard v. Indus. Claim Appeals Office,* 121 P.3d 301, 304 (Colo.App.2005), *aff'd,* 134 P.3d 407 (Colo.2006).

¶ 25 Second, *Fischer–Muck* was issued before the legislature changed "from" to "after" in the statute. At the time *Fischer–Muck* was announced, the more ambiguous word "from" appeared in the statute.

¶ 26 Third, *Fischer–Muck* is factually distinguishable from this case. In *Fischer–Muck,* an ALJ mailed an order in February 1999, but the parties did not receive actual notice that the order had been issued until April 1999. Within a week of that actual notice, one party filed a petition to review and requested that the certificate of service be amended. The ALJ issued a new certificate of service in June 1999. Thus, although the party's petition to review preceded the

amended certificate of service, it succeeded the order's finality.

¶ 27 Further, the cases on which the Panel relied in *Fischer–Muck* are similarly distinguishable and do not support claimant's argument. In *Haynes v. Troxel*, 670 P.2d 812, 813 (Colo.App.1983), the applicable civil procedure rule provided that a motion for new trial must be filed *"not later than* fifteen days after the entry of the judgment." No language in the rule limited the time for filing to the period *after* an order was issued. Consequently, the plaintiff's motion filed after trial but before the trial court issued its written judgment was deemed timely.

¶ 28 Likewise, none of the other cases cited by the Panel in *Fischer–Muck* leads us to a different conclusion. *See Rendon v. United Airlines*, 881 P.2d 482, 484 (Colo.App.1994) (claimant who sent cover letter with petition to reopen rather than certificate of mailing substantially complied with section 8–43–301(2) and petition to review was therefore timely filed); *Cook v. TLC Staff Builders, Inc.*, W.C. No. 4–277–752 (May 6, 1998) (interpreting section 8–43–301(2), which at the time required filing of petition to review "within twenty days from the date of the certificate of mailing," as only prohibiting late filing); *Tindell v. Adolph Coors Co.*, W.C. No. 3–988–873 (Sept. 9, 1991) (no jurisdictional defect in petition to review filed before final order, relying on *Haynes*, 670 P.2d at 813).

¶ 29 Thus, under section 8–43–301(2)'s plain meaning, claimant was required to submit his petition to review ALJ Cain's order *after* ALJ Jones issued her final order. Filing a petition to review before ALJ Cain's interlocutory order became final and appealable did not fulfill this statutory requirement, and that filing did not fall within the statute's twenty-day filing period. *See In re Marriage of Hoffner*, 778 P.2d 702, 703 (Colo. App.1989) (dismissing premature appeal for lack of finality). Consequently, because no petition to review ALJ Cain's order was filed within twenty days after that order became final, the Panel lost jurisdiction to review it. *See Brodeur*, 159 P.3d at 812.

### E. Employer Was Not Required to Appeal Jurisdictional Issue

¶ 30 Claimant contends that the jurisdictional issue on which the Panel declined to review ALJ Cain's order was not properly before the Panel. He argues that because employer did not file a petition to review ALJ Cain's subsequent order finding his petition to review timely, "ALJ Cain's determination that [claimant's] petition to review was timely filed stands." We disagree.

¶ 31 Employer moved to dismiss claimant's petition to review ALJ Cain's order. On September 13, 2011, ALJ Cain denied the motion to dismiss, ruling that although claimant's petition to review was prematurely submitted three days before ALJ Jones sent out her order, it was filed "within the jurisdictional time limit" and was timely. Employer did not file a petition to review this order. Nevertheless, on review, the Panel determined that it lacked jurisdiction to review ALJ Cain's order, effectively setting aside ALJ Cain's September 13, 2011 order.

¶ 32 Claimant asserts that because employer failed to file a petition to review the September 13, 2011 order, the Panel and this court are barred from reviewing the jurisdictional question. However, the Panel had authority to address the timeliness of claimant's petition to review ALJ Cain's partial summary judgment order because jurisdictional issues may be raised at any time. *See Currier v. Sutherland*, 218 P.3d 709, 714 (Colo.2009) ("Because a lack of subject matter jurisdiction means that a court has no power to hear a case or enter a judgment, it is an issue that may be raised at any time...."); *Hillen v. Colo. Comp. Ins. Auth.*, 883 P.2d 586, 588 (Colo.App.1994) ("[T]he issue of jurisdiction can be raised at any time during the proceedings...."). Thus, employer was not obligated to submit a petition to review ALJ Cain's order denying its motion to dismiss to preserve the jurisdictional issue for review.

¶ 33 We also reject claimant's assertion that the lack of a petition to review ALJ Cain's September 13, 2011, order harmed his interests and deprived him of the opportunity to state his position on the jurisdictional

question. The record reflects that claimant fully briefed the issue in his response to employer's motion to dismiss. Although he may not have briefed it to the Panel, his response to the motion to dismiss was in the record before the Panel and consequently his position was available for the Panel's consideration.

¶ 34 In addition, the jurisdictional issue was fully briefed and argued by both parties here. After having considered the arguments' merits and providing claimant ample opportunity to respond to employer's contentions, we have concluded the Panel lacked jurisdiction to review ALJ Cain's order. Therefore, claimant has failed to establish any prejudice he may have suffered from any insufficiency in his opportunity to argue the jurisdictional issue before the Panel.

### F. Review of Order Dismissing Fraud Claim

¶ 35 Finally, claimant challenges the merits of ALJ Cain's order dismissing his petition to reopen based on fraud. Having determined that the Panel lacked jurisdiction to review the order, we need not address its merits. *See Ortiz*, 81 P.3d at 1112 (declining to consider claimant's assertions because court lacked jurisdiction to review order).

### III. ALJ Jones's Order

¶ 36 Claimant also appeals ALJ Jones's order of July 18, 2011, denying and dismissing his petition to reopen based on worsening condition. Claimant maintained that his right arm and shoulder pain was caused by overuse of that arm secondary to his inability to use his left arm. Therefore, he sought to have the treatment and care of his right arm and shoulder covered under his workers' compensation claim. ALJ Jones found that claimant failed to establish that his right shoulder pain was related to and caused by his work-related injury to his left shoulder.

¶ 37 ALJ Jones was persuaded by the testimony of employer's retained IME physicians and claimant's ATP, all of whom opined that claimant's right arm and shoulder symptomology was unrelated to his work-related left arm injury. Finding no causal connection between the right arm and shoulder condition and claimant's work-related injury,

she denied and dismissed the petition to reopen.

¶ 38 Claimant contends that ALJ Jones committed numerous evidentiary errors while conducting the hearing on his petition to reopen. In particular, he claims that the ALJ abused her discretion by (1) refusing to touch his right shoulder and sustaining employer's objection to his request that employer's retained IME physician examine his shoulder during the hearing; (2) rejecting his attempt to cross-examine the retained IME physician about articles he claimed undermined the physician's credibility; (3) sustaining employer's objection to his questioning of the retained IME physician about the report of another retained IME physician; and (4) exhibiting partiality toward employer. We reject each contention.

### A. Examining Claimant's Right Shoulder During Hearing

¶ 39 Claimant contends that ALJ Jones abused her discretion and violated his due process rights by refusing to feel the "popping and crepitation" in his right shoulder, and by refusing to require employer's retained IME physician to examine his shoulder during the hearing. He argues that feeling and examining the shoulder were relevant to his presenting his case because it would have assisted him in demonstrating injury. Moreover, he claims that because the ALJ's examining his shoulder was relevant to his casein-chief, her refusal to do so constituted an abuse of discretion.

¶ 40 Evidentiary decisions are firmly within an ALJ's discretion, and will not be disturbed absent a showing of abuse of that discretion. *See* § 8–43–207(1)(c), C.R.S.2012 (ALJ is "empowered to … [m]ake evidentiary rulings"); *IPMC Transp. Co. v. Indus. Claim Appeals Office*, 753 P.2d 803, 804 (Colo.App.1988) (ALJ has wide discretion to control the course of a hearing and to make evidentiary rulings). "An abuse of discretion occurs when the ALJ's order is beyond the bounds of reason, as where it is unsupported by the evidence or contrary to law." *Heinicke v. Indus. Claim Appeals Office*, 197 P.3d 220, 222 (Colo.App.2008).

¶ 41 Here, the ALJ ruled that feeling and examining claimant's shoulder were not rele-

vant to the hearing's issues. We perceive no error or abuse of discretion in this ruling. Evidence is relevant if it has any tendency to make the existence of a consequential fact more or less probable. CRE 401. "The ALJ has discretion to determine the relevancy of evidence." *Aviado v. Indus. Claim Appeals Office*, 228 P.3d 177, 179 (Colo.App.2009).

¶ 42 Causation was at issue at the hearing: specifically, whether claimant's right shoulder condition was causally connected to his work-related left shoulder injury. Employer and its experts did not dispute that claimant was experiencing pain and discomfort pathology in his right shoulder. Feeling and examining claimant's shoulder during the hearing may have established that he had a popping sensation there, but there was no offer of proof that those actions could show that his left and right shoulder symptomology were related. Moreover, even if popping or grinding in claimant's shoulder may have enhanced claimant's credibility, causation was at issue and claimant's credibility concerning pain was irrelevant.

¶ 43 Therefore, we conclude that because examining the shoulder was not relevant to causation, the ALJ did not abuse her discretion by refusing to, or refusing to require the IME physician to, examine claimant's shoulder during the hearing.

### B.  Cross–Examination of IME Physician

¶ 44 Claimant next contends that ALJ Jones abused her discretion by limiting his questioning of employer's retained IME physician and thus improperly impaired his due process right to cross-examine the physician concerning (1) medical literature addressing overuse injuries in the "good" arm of patients who have sustained injuries to the "other" arm; and (2) the physician's efforts, if any, to obtain a copy of a report prepared by another retained IME physician. We are not persuaded.

¶ 45 An ALJ's discretionary authority to control the proceedings and to make evidentiary decisions extends to rulings limiting cross-examination. *See Rice v. Dep't of Corr.*, 950 P.2d 676, 681 (Colo.App.1997) ("The admission of rebuttal testimony is within the sound discretion of the ALJ and

will not be disturbed absent an abuse of that discretion."). Although a party in a workers' compensation hearing has a fundamental right to cross-examination, that right "may be restricted." *Denver Symphony Ass'n v. Indus. Comm'n*, 34 Colo.App. 343, 346–47, 526 P.2d 685, 687 (1974). Indeed, "[o]nly where the restriction is severe enough to constitute a denial of the right will limitation of cross-examination in an administrative hearing be overturned as an abuse of discretion." *Ward v. Indus. Comm'n*, 699 P.2d 960, 969 (Colo.1985); *accord Denver Symphony Ass'n*, 34 Colo.App. at 346–47, 526 P.2d at 687.

¶ 46 Here, claimant sought to use articles from medical literature to undermine the employer's IME physician's position that there was a paucity of "good solid medical literature" showing "one arm being used more often because the other arm is injured." However, none of the articles concerned an injury identical to that sustained by claimant. Rather, the four articles respectively addressed (1) overuse syndrome; (2) cumulative trauma disorders of the upper extremity; (3) occupational therapy intervention for overuse syndrome; and (4) problems occurring in the remaining arm of unilateral upper limb amputees. Given the differences between the injuries discussed in the articles and the work-related injury to claimant's left arm and shoulder, we cannot conclude that ALJ Jones abused her discretion in ruling that the articles were not relevant. *See Aviado*, 228 P.3d at 179.

¶ 47 Moreover, despite her ruling, ALJ Jones admitted the four articles into evidence. The articles thus were available for her to consider, and she could determine whether they impeached the IME physician's testimony. We are not persuaded otherwise by claimant's conclusory assertion that admitting the articles "did not rectify the fact that the [ALJ] held that questioning [employer's] expert regarding those four articles … was not relevant." In our view, whatever harm may have resulted from ALJ Jones's refusal to permit claimant to question the physician about the articles, if any, was ameliorated by admitting them.

¶ 48 Nor did ALJ Jones abuse her discretion when she sustained employer's objection

to the following question claimant posed to the physician:

Q: You received a report from Doctor Lindberg before you wrote your report, is that correct?

A: I believe so, yes. I cited it in my medical review.

Q: Did you request that report?

Claimant made no offer of proof demonstrating the relevance or necessity of this particular question. *See Aviado*, 228 P.3d at 180 (finding no abuse of discretion in ALJ's ruling limiting questioning because claimant failed to make an adequate offer of proof at hearing). Similarly, he does not articulate in his briefs the importance of this particular question to his cross-examination. Absent such a showing, we cannot say that the ruling was "severe enough to constitute a denial of the right" to cross-examine or an abuse of discretion. *Ward*, 699 P.2d at 969; *Denver Symphony Ass'n*, 34 Colo.App. at 346–47, 526 P.2d at 687.

¶ 49 We therefore conclude that ALJ Jones did not abuse her discretion or violate claimant's right to due process by limiting claimant's cross-examination of employer's retained IME physician.

### C. Impartiality of ALJ

¶ 50 Finally, claimant asserts that ALJ Jones was biased against him and his attorney and therefore did not provide him a fair and impartial hearing. He claims that she was "ill-tempered"; chastised his counsel for "ponderous looks"; included in her ruling factual findings about attorney fees that had been at issue in other hearings; allegedly caused portions of the hearing transcript to mysteriously disappear and then reappear; and made statements in the hearing indicating "irritation and a rush to judgment."

¶ 51 We conclude that claimant's motion to recuse ALJ Jones was untimely. At no point during the hearing did claimant request that ALJ Jones withdraw because of personal bias. Rather, he waited three months—until well *after* she had issued her ruling—to file a motion for recusal. A motion for recusal must be made timely to be considered. § 24-4-105(3), C.R.S.2012. In our view, a motion filed months after the hearing occurred and

the order issued is not timely. *See People in Interest of A.G.*, 262 P.3d 646, 653 (Colo.2011) (motion for disqualification must be timely filed so judge has the opportunity to ensure that trial proceeds without any appearance of impropriety; when motion is not made until after ruling has been issued, it does not give judge an opportunity to disqualify himself).

¶ 52 Under these circumstances, we conclude that claimant failed to show ALJ Jones abused her discretion by denying his motion for recusal.

¶ 53 Finally, we do not address claimant's argument, made for the first time in his reply brief and at oral arguments, that he was denied a fair hearing because "the ICAO was a direct advocate against [him] at the same time it was determining the opinion below." We do not address issues raised for the first time in a reply brief. *Colorado Korean Ass'n v. Korean Senior Ass'n*, 151 P.3d 626, 629 (Colo.App.2006).

¶ 54 The Panel's order is affirmed.

JUDGE MILLER and JUDGE FOX concur.